# EXHIBIT 7

Defendants' Motion to Dismiss
*League of Conservation Voters v. Trump*
No. 3:17-cv-00101-SLG

overpayments of salary; and to clarify the delegation of authority to that officer to adjust certain claims of postmasters.

Accordingly, in § 812.9 *Authority for remission of fines, penalties, forfeitures, claims; and for Post Office Department fund transfers,* amend paragraph (a) to read as follows:

§ 812.9 **Authority for remission of fines, penalties, forfeitures, claims; and Post Office Department fund transfers.**

(a) *Delegation.* Pursuant to 39 U.S.C., Sec. 309, "Delegation of Authority" which states:

The Postmaster General may delegate to any officer, employee, or agency of the Department such of the functions vested by law in him or in any other officer or employee of the Department as he deems appropriate.

authority is delegated to the Assistant Postmaster General, Bureau of Finance and Administration, to take final action, in his own name, with respect to all matters covered by the following:

(1) *5 U.S.C., sec. 5584.* Claims for overpayment of pay (Title 4 CFR Parts 201–203).

(2) *31 U.S.C., sec. 82a–1.* Relief of accountable officers of liability for loss.

(3) *31 U.S.C. sec. 82a–2.* Relief of accountable officers of liability for illegal, improper, or incorrect payments.

(4) *31 U.S.C. sec. 82c.* Certifying officers; bond; accountability; relief by Comptroller General.

(5) *39 U.S.C. 2202(a).* Deposit to and withdrawal from Post Office Department Fund.

(6) *39 U.S.C. 2401.* Collection of debts due the Department with the exception of those falling under the jurisdiction of the Chief Postal Inspector or the General Counsel. This redelegation includes the settlement of debts not exceeding $20,000 that may be compromised, terminated, suspended, or referred pursuant to the provisions of Public Law 89–508, with concurrence by General Counsel in cases involving doubtful questions of law or fact.

(7) *39 U.S.C. 2403.* Adjustment of claims of postmasters and armed forces postal clerks, including the loss of funds or valuable papers from their official custody resulting from burglary, fire, or unavoidable casualty, with concurrence by General Counsel in cases involving doubtful questions of law or fact.

NOTE: The corresponding Postal Manual section is 812.91.

(5. U.S.C. 301, 39 U.S.C. 309, 501)

DAVID A. NELSON,
*General Counsel.*

MARCH 21, 1969.

[F.R. Doc. 69-3561; Filed, Mar. 25, 1969; 8:49 a.m.]

# Title 41—PUBLIC CONTRACTS AND PROPERTY MANAGEMENT

## Chapter 1—Federal Procurement Regulations

### PART 1–12—LABOR

### Labor Standards; Miscellaneous Amendments

Miscellaneous amendments hereunder with respect to Part 1–12 involve (1) the expiration of a variance regarding the administration of the Contract Work Hours Standards Act and the implementation of a new procedure established by the Department of Labor (see 34 F.R. 555, Jan. 15, 1969) to apply in the event a contracting agency fails to give timely notice to the Department of an intention to enter into a service contract.

### Subpart 1–12.3—Contract Work Hours Standards Act (Other Than Construction Contracts)

1. Section 1–12.302(d) is amended as follows:

§ 1–12.302 **Applicability.**

* * * * *

(d) Contracts under which work is to be performed solely within a foreign country or within a territory under the jurisdiction of the United States other than a State of the United States, the District of Columbia, Puerto Rico, the Virgin Islands, Outer Continental Shelf Lands defined in the Outer Continental Shelf Lands Act (43 U.S.C. 1331), American Samoa, Guam, Wake Island, Eniwetok Atoll, Kwajalein Atoll, Johnston Island, and the Canal Zone.

* * * * *

2. Section 1–12.304 is revised as follows:

§ 1–12.304 **Variations and tolerances.**

Variations and tolerances from the provisions of this subpart which are granted under section 105 of the Contract Work Hours Standards Act by the Secretary of Labor in the case of any contract work for which such variations and tolerances have been provided (29 CFR 5.14) shall be deemed to satisfy the requirements of § 1–1.009.

### Subpart 1–12.9—Service Contract Act of 1965

Section 1–12.905–4 is revised as follows:

§ 1–12.905–4 **Use of minimum wage terminations and fringe benefit specifications.**

(a) *General procedures.* Invitations for bids and requests for proposals which may result in contracts in excess of $2,500 and contracts in excess of $2,500 (including any transaction for an indefinite amount, unless the contracting agency has knowledge that it will not exceed $2,500) shall contain an attachment setting forth the minimum wages and fringe benefits specified in any applicable, currently effective, determination. The attachment shall also include any determinations expressed in any communication from the Administrator, Wage and Hour and Public Contracts Divisions, Department of Labor, responsive to the notice required by § 1–12.905–3(a), or any revision of the register of wages and fringe benefits prior to the award of the contract or contracts. However, revisions received by the Federal agency later than 10 days before the opening of bids, in the case of contracts entered into pursuant to competitive bidding procedures, shall not be effective except where the Federal agency finds that a reasonable time is available in which to notify bidders of the revision. (See § 1–12.905–10 regarding the absence of wage and fringe benefit determinations.)

(b) *Special procedure.* If the notice of intention required by § 1–12.905–3(a) is not filed within the time provided in § 1–12.905–3(b), the contracting agency shall exercise any and all of its power that may be needed (including, where necessary, its power to negotiate, its power to pay any necessary additional costs, and its power under any provision of the contract authorizing changes) to include in the contract any determinations communicated to it within 30 days of the filing of such notice or of the discovery by the Wage and Hour and Public Contracts Divisions, U.S. Department of Labor, of such omission.

(Sec. 205(c), 63 Stat. 390; 40 U.S.C. 486(c))

Effective date: This amendment is effective upon publication in the FEDERAL REGISTER.

Dated: March 18, 1969.

ROBERT L. KUNZIG,
*Administrator of General Services.*

[F.R. Doc. 69-3521; Filed, Mar. 25, 1969; 8:49 a.m.]

# Title 43—PUBLIC LANDS: INTERIOR

## Chapter II—Bureau of Land Management, Department of the Interior

APPENDIX—PUBLIC LAND ORDERS

[Public Land Order 4587]

### OUTER CONTINENTAL SHELF OFF CALIFORNIA

### Establishment of Santa Barbara Channel Ecological Preserve

By virtue of the authority vested in the President by the Outer Continental Shelf Lands Act (67 Stat. 462, 469; 43 U.S.C. 1341), and pursuant to Executive Order No. 10355 of May 26, 1952 (17 F.R. 4831), it is ordered as follows:

Subject to valid existing rights, the following described lands of the Outer Continental Shelf are hereby withdrawn from all forms of disposition, including

mineral leasing, and reserved for use for scientific, recreational, and other similar uses as an ecological preserve:

The area is shown on official Outer Continental Shelf Leasing Map, Channel Islands Area Map No. 6B, approved August 8, 1966, and revised July 24, 1967, as:

CALIFORNIA

Official Leasing Map, Channel Islands Area Map No. 6B.

| Block | Description |
|---|---|
| 51 N. 65 W | NW¼NW¼. |
| 51 N. 66 W | N½. |
| 51 N. 67 W | Do. |
| 51 N. 68 W | N½N½. |
| 52 N. 64 W | All Federal portions thereof. |
| 52 N. 65 W | Do. |
| 52 N. 66 W | Do. |
| 52 N. 67 W | Do. |
| 52 N. 68 W | Do. |
| 52 N. 69 W | Do. |

The following described lands of the Outer Continental Shelf will be withheld from leasing as an adjunct to the Ecological Preserve.

The area is shown on official Outer Continental Shelf Leasing Map, Channel Islands Area Map No. 6B, referred to above, as:

CALIFORNIA

Official Leasing Map, Channel Islands Area Map No. 6B.

| Block | Description |
|---|---|
| 50 N. 66 W | All. |
| 50 N. 67 W | Do. |
| 51 N. 66 W | S½. |
| 51 N. 67 W | Do. |
| 51 N. 68 W | S½ and S½N½. |
| 51 N. 69 W | All. |
| 51 N. 70 W | E½ and E½W½. |
| 52 N. 70 W | All Federal portions of E½ and E½W½. |

All persons, and particularly those engaged in commercial and sports fishing and other similar or related activities, are called upon to conduct their activities in the areas described above in a manner which will help to protect and preserve the values of this area for scientific study, recreation, and other similar uses for the benefit and enjoyment of this and future generations.

WALTER J. HICKEL,
*Secretary of the Interior.*

MARCH 21, 1969.

[F.R. Doc. 69-3548; Filed, Mar. 25, 1969; 8:48 a.m.]

# Title 47—TELECOMMUNICATION

## Chapter I—Federal Communications Commission

### PART 0—COMMISSION ORGANIZATION

#### Address of Engineer in Charge of Certain Radio Districts

1. The Commission has before it the desirability of making certain editorial changes in § 0.121 of its rules showing the location of the Field Engineering Bureau's field offices and monitoring stations.

2. Authority for the amendments is contained in section 4(i), 5(d)(1), and 303(r) of the Communications Act of 1934, as amended, and § 0.261(a) of the Commission's rules. Because the amendments are editorial in nature, the prior notice and effective date provisions of section 4 of the Administrative Procedure Act, 5 U.S.C. 553, do not apply.

3. *It is ordered,* That Part 0 of the rules and regulations is amended as set forth below, effective March 26, 1969.

Adopted: March 20, 1969.

Released: March 21, 1969.

FEDERAL COMMUNICATIONS COMMISSION,
[SEAL]   BEN F. WAPLE,
*Secretary.*

In § 0.121(a) the addresses of the Engineer in Charge for Radio Districts 5, 11, 13, 14, and 16 are amended to read as follows:

§ 0.121 Location of field offices and monitoring stations.

(a) * * *

| Radio district | Address of Engineer in Charge |
|---|---|
| 5 | Room 400, Federal Building, Norfolk, Va. 23510. |
| Suboffice | Post Office Box 8004, Room 238, Post Office Building, Savannah, Ga. 31402. |
| 11 | Room 1758, U.S. Courthouse, 312 North Spring Street, Los Angeles, Calif. 90012. |
| 13 | 314 Multnomah Building, 319 Southwest Pine Street, Portland, Oreg. 97204. |
| 14 | 8012 Federal Office Building, First Avenue and Marion, Seattle, Wash. 98101 |
| 16 | 691 Federal Building and U.S. Courthouse, Fourth and Robert Streets, St. Paul, Minn., 55101. |

* * * * *

[F.R. Doc. 69-3534; Filed, Mar. 25, 1969; 8:47 a.m.]

[Docket No. 18398; FCC 69-257]

### PART 2—FREQUENCY ALLOCATIONS AND RADIO TREATY MATTERS; GENERAL RULES AND REGULATIONS

### PART 87—AVIATION SERVICES

#### Improvement of Capability of the Civil Air Patrol (CAP) To Participate in Search and Rescue (SAR) Operations

1. The Commission, on December 12, 1968, adopted a notice of proposed rule making in the above entitled matter (FCC 68-1177) which made provision for filing comments. The notice was published in the FEDERAL REGISTER on December 21, 1968 (33 F.R. 19084). The time for filing comments and reply comments has passed, and none were filed.

2. The notice proposed rule changes that were requested by the Civil Air Patrol (CAP) and would apply to the operation, by the CAP and others, of all Search and Rescue (SAR) stations. The requested changes would make a frequency available to SAR stations for training purposes and would relax our requirements somewhat concerning SAR land station locations and points of communication. In general, the CAP requested the changes to permit them to participate more fully and effectively in SAR operations, and we agreed, for the reasons explained in detail in our notice, that the changes would achieve the desired result.

3. In addition to the rule changes proposed in our notice, we are making editorial changes in § 87.183(h), 87.401(c), and 87.431 of our rules to delete the protection afforded the frequency 121.6 Mc/s when this frequency was available for SAR station use on a shared basis.

4. In view of the foregoing: *It is ordered,* That pursuant to authority contained in section 4(i) and 303(r) of the Communications Act of 1934, as amended, Parts 2 and 87 of the Commission's rules are amended, effective April 28, 1969, as set forth below.

5. *It is further ordered,* That this proceeding is terminated.

(Secs. 4, 303, 48 Stat., as amended 1066, 1082; 47 U.S.C. 154, 303)

Adopted: March 19, 1969.

Released: March 21, 1969.

FEDERAL COMMUNICATIONS COMMISSION,[1]
BEN F. WAPLE,
*Secretary.*

I. Part 2, Frequency Allocations and Radio Treaty Matters; General Rules and Regulations, is amended as follows:

In section 2.1 the definition of an Aeronautical search and rescue mobile station is deleted, and a new definition for an aeronautical search and rescue station is added, as follows:

§ 2.1 Definitions.

* * * * *

*Aeronautical search and rescue station.* A land or mobile station in the aeronautical mobile service used for communication with aircraft and other aeronautical search and rescue stations pertaining to search and rescue activities with aircraft.

* * * * *

II. Part 87, Aviation Services is amended as follows:

1. In § 87.5 the definition for an Aeronautical search and rescue mobile station is deleted, and a new definition for an aeronautical search and rescue station is added, as follows:

§ 87.5 Definition of terms.

* * * * *

*Aeronautical search and rescue station.* A land or mobile station in the aeronautical mobile service used for communication with aircraft and other aeronautical search and rescue stations pertaining to search and rescue activities with aircraft.

* * * * *

2. Section 87.183 (g) and (h) are amended to read as follows:

---

[1] Commissioner Johnson concurring in the result.

Case 3:17-cv-00101-SLG   Document 13-7   Filed 06/30/17   Page 3 of 3