James D. Linxwiler (Alaska Bar No. 7705185)
Christina A. Rankin (Alaska Bar No. 0306034)
Guess & Rudd P.C.
1029 W. 3rd Ave. #400
Anchorage, AK 99501
Tel: (907) 793-2200
Fax: (907) 793-2299
jlinxwiler@guessrudd.com
crankin@guessrudd.com

Steven J. Rosenbaum (*Pro hac vice*)
Bradley K. Ervin (*Pro hac vice*)
COVINGTON & BURLING LLP
One CityCenter
850 Tenth St. N.W.
Washington, D.C. 20001
Tel: (202) 662-5568
Fax: (202) 778-5568
srosenbaum@cov.com
bervin@cov.com

*Attorneys for Intervenor American Petroleum Institute*

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| LEAGUE OF CONSERVATION VOTERS, *et al.*,<br><br>*Plaintiffs*,<br><br>v.<br><br>DONALD J. TRUMP, *et al.*,<br><br>*Defendants*. | No. 3:17-cv-00101 (SLG) |

### ANSWER, DEFENSES AND AFFIRMATIVE DEFENSES OF DEFENDANT-INTERVENOR AMERICAN PETROLEUM INSTITUTE

1
Answer, Defenses, and Affirmative Defenses of Defendant-Intervenors
*League of Conservation Voters, et al., v. Trump, et al.,* No. 3:17-cv-00101 (SLG)

Case 3:17-cv-00101-SLG    Document 26    Filed 07/28/17    Page 1 of 20

Defendant-Intervenor American Petroleum Institute ("API") hereby answers and asserts its affirmative defenses with respect to the Complaint. The numbered paragraphs of this Answer correspond to the numbered paragraphs of the Complaint.

1. API admits that President Obama issued Presidential Memoranda on December 20, 2016 and January 27, 2015 regarding the leasing of portions of the Outer Continental Shelf ("OCS") in the Arctic Ocean and the Atlantic Ocean. API further admits that President Trump signed Executive Order 13795, entitled "Implementing an America-First Offshore Energy Strategy," on April 28, 2017. This paragraph contains plaintiffs' characterization of the Presidential Memoranda and Executive Order 13795, to which no response is required. API respectfully refers the Court to the Presidential Memoranda and Executive Order 13795 for a complete and accurate statement of their contents. To the extent any response is required, API denies that this paragraph accurately and completely summarizes the Presidential Memoranda and Executive Order 13795. The remainder of this paragraph represents a characterization of the plaintiffs' allegations and legal conclusions and therefore requires no response. To the extent any response is required, API denies the allegations, and denies that plaintiffs' are entitled to any relief.

2. This paragraph represents a characterization of the plaintiffs' allegations and legal conclusions and therefore requires no response. To the extent any response is required, API denies the allegations. To the extent the allegations purport to characterize federal statutes, the statutes speak for themselves and are the best evidence of their contents, and, therefore, no response is required.

3. This paragraph represents a characterization of the plaintiffs' allegations and legal conclusions and therefore requires no response. To the extent any response is required, API

2
Answer, Defenses, and Affirmative Defenses of Defendant-Intervenors
*League of Conservation Voters, et al., v. Trump, et al.,* No. 3:17-cv-00101 (SLG)
Case 3:17-cv-00101-SLG    Document 26    Filed 07/28/17    Page 2 of 20

denies the allegations. To the extent the allegations purport to characterize federal statutes, the statutes speak for themselves and are the best evidence of their contents, and, therefore, no response is required.

4. This paragraph represents a characterization of the plaintiffs' allegations and legal conclusions and therefore requires no response. To the extent any response is required, API denies the allegations. To the extent the allegations purport to characterize federal statutes, the statutes speak for themselves and are the best evidence of their contents, and, therefore, no response is required.

5. API is without sufficient information to form a belief as to the allegations contained in this paragraph regarding plaintiff League of Conservation Voters.

6. API is without sufficient information to form a belief as to the allegations contained in this paragraph regarding plaintiff Natural Resources Defense Council.

7. API is without sufficient information to form a belief as to the allegations contained in this paragraph regarding plaintiff Sierra Club.

8. API is without sufficient information to form a belief as to the allegations contained in this paragraph regarding plaintiff Alaska Wilderness League.

9. API is without sufficient information to form a belief as to the allegations contained in this paragraph regarding plaintiff Defenders of Wildlife.

10. API is without sufficient information to form a belief as to the allegations contained in this paragraph regarding plaintiff Northern Alaska Environmental Center.

11. API is without sufficient information to form a belief as to the allegations contained in this paragraph regarding plaintiff Resisting Environmental Destruction in Indigenous Lands.

3
Answer, Defenses, and Affirmative Defenses of Defendant-Intervenors
*League of Conservation Voters, et al., v. Trump, et al.,* No. 3:17-cv-00101 (SLG)
Case 3:17-cv-00101-SLG    Document 26    Filed 07/28/17    Page 3 of 20

12. API is without sufficient information to form a belief as to the allegations contained in this paragraph regarding plaintiff Center for Biological Diversity.

13. API is without sufficient information to form a belief as to the allegations contained in this paragraph regarding plaintiff Greenpeace, Inc.

14. API is without sufficient information to form a belief as to the allegations contained in this paragraph regarding plaintiff The Wilderness Society.

15. API is without sufficient information to form a belief as to the allegations contained in this paragraph regarding plaintiffs' members. API denies the remaining allegations contained in this paragraph.

16. This paragraph contains plaintiffs' characterization of Executive Order 13795, to which no response is required. API respectfully refers the Court to Executive Order 13795 for a complete and accurate statement of its contents. To the extent any response is required, API denies that this paragraph accurately and completely summarizes Executive Order 13795. API is without sufficient information to form a belief as to the allegations contained in this paragraph regarding plaintiffs' members. The remainder of this paragraph represents a characterization of the plaintiffs' allegations and legal conclusions and therefore requires no response. To the extent any response is required, API denies the allegations.

17. This paragraph represents a characterization of the plaintiffs' allegations and legal conclusions and therefore requires no response. To the extent any response is required, API denies the allegations, and denies that plaintiffs' are entitled to any relief.

18. Admitted that defendant Donald J. Trump is the President of the United States. API further admits that President Trump signed Executive Order 13795 on April 28, 2017. The remainder of this paragraph represents a characterization of the plaintiffs' allegations and legal

4

Answer, Defenses, and Affirmative Defenses of Defendant-Intervenors
*League of Conservation Voters, et al., v. Trump, et al.,* No. 3:17-cv-00101 (SLG)
Case 3:17-cv-00101-SLG   Document 26   Filed 07/28/17   Page 4 of 20

conclusions and therefore requires no response. To the extent any response is required, API denies the allegations.

19. Admitted that defendant Ryan Zinke is the Secretary of the Department of the Interior ("DOI"). To the extent this paragraph purports to characterize the Secretary's legal responsibilities, the relevant laws and regulations speak for themselves and are the best evidence of their contents, and, therefore, no response is required.

20. Admitted that defendant Wilbur Ross is the Secretary of the Department of Commerce ("Commerce"). To the extent this paragraph purports to characterize the Secretary's legal responsibilities, the relevant laws and regulations speak for themselves and are the best evidence of their contents, and, therefore, no response is required.

21. API admits that the Chukchi and Beaufort Seas are located in the Arctic Ocean within the jurisdiction of the United States. API further admits that federally-listed and non-listed species reside in the Chukchi and Beaufort Seas. API acknowledges that the risk of climate change is a serious problem that requires research for solutions and effective policies that allow us to meet our energy needs while protecting the environment. API is without sufficient information to form a belief as to the allegations contained in this paragraph regarding indigenous Alaska Native activities. To the extent this paragraph purports to characterize federal statutes or administrative actions, the statutes and administrative actions speak for themselves and are the best evidence of their contents, and, therefore, no response is required. To the extent any response is required, API denies that this paragraph accurately and completely summarizes the statutes and administrative actions. API denies the remaining allegations contained in this paragraph.

5
Answer, Defenses, and Affirmative Defenses of Defendant-Intervenors
*League of Conservation Voters, et al., v. Trump, et al.,* No. 3:17-cv-00101 (SLG)
Case 3:17-cv-00101-SLG   Document 26   Filed 07/28/17   Page 5 of 20

22. API admits that the Chukchi and Beaufort Seas are subject to ice cover and other weather conditions typical of the Arctic environment. API further admits that the coastal regions of the Chukchi and Beaufort Seas include eight communities and few roads, and do not include a Coast Guard station. API avers that oil and gas drilling operations have been conducted in the Chukchi and Beaufort Seas since 1981. The remainder of this paragraph represents a characterization of the plaintiffs' allegations and legal conclusions and therefore requires no response. To the extent any response is required, API denies the allegations.

23. API admits that federally-listed species reside in the Atlantic Ocean, and that other non-listed species reside in the Atlantic Ocean. API further admits that certain species of whale migrate through the Atlantic Ocean. API admits that the Atlantic Ocean includes undersea geological features, including undersea canyons. API is without sufficient information to form a belief as to the allegations contained in this paragraph regarding the Atlantic Ocean environment. To the extent any response is required, API denies the allegations.

24. API admits that a wide range of businesses along the U.S. Atlantic coast contribute to region's economy. API is without sufficient information to form a belief as to the allegations contained in this paragraph regarding economic statistics from an unidentified source for an un-delineated region. API is without sufficient information to form a belief as to the allegations contained in this paragraph regarding an unidentified petition to President Obama. To the extent any response is required, API denies the allegations.

25. API acknowledges that the risk of climate change is a serious problem that requires research for solutions and effective policies that allow us to meet our energy needs while protecting the environment. API is without sufficient information to form a belief as to the allegations contained in this paragraph regarding unidentified statistics and predictions regarding

6
Answer, Defenses, and Affirmative Defenses of Defendant-Intervenors
*League of Conservation Voters, et al., v. Trump, et al.,* No. 3:17-cv-00101 (SLG)
Case 3:17-cv-00101-SLG   Document 26   Filed 07/28/17   Page 6 of 20

future impacts from climate change.  API denies the remaining allegations contained in this paragraph.

26. Denied.

27. API admits that geological and geophysical activities, including seismic surveying, may use airgun arrays to map subsea mineral resources to inform the federal government of the value of mineral resources underlying submerged lands within United States jurisdiction, and to inform oil and gas exploration and development companies of promising oil and gas prospects.  This paragraph contains plaintiffs' characterization of seismic surveying operations, and, accordingly, no response is required.  To the extent any response is required, API denies that this paragraph accurately and completely summarizes seismic operations.  API denies the remaining allegations contained in this paragraph.

28. API admits that the National Marine Fisheries Service ("NMFS") is an agency within the United States Department of Commerce.  API further admits that the Bureau of Ocean Energy Management ("BOEM") is an agency within DOI.  API is without sufficient information to form a belief as to the allegations contained in this paragraph regarding an unidentified NMFS estimate for an unidentified seismic survey in the Arctic Ocean.  This paragraph contains plaintiffs' characterization of BOEM's Final Programmatic Environmental Impact Statement for Proposed Geological and Geophysical Activities on the Atlantic OCS, to which no response is required.  API respectfully refers the Court to the Final Programmatic Environmental Impact Statement for a complete and accurate statement of its contents.  To the extent any response is required, API denies that this paragraph accurately and completely summarizes the Final Programmatic Environmental Impact Statement.  API denies the remaining allegations contained in this paragraph.

7

Answer, Defenses, and Affirmative Defenses of Defendant-Intervenors
*League of Conservation Voters, et al., v. Trump, et al.,* No. 3:17-cv-00101 (SLG)
Case 3:17-cv-00101-SLG    Document 26    Filed 07/28/17    Page 7 of 20

29. Denied.

30. Denied.

31. API admits that mechanical containment and recovery, in situ burning, and dispersants are among the methods for responding to an oil spill. API is without sufficient information to form a belief as to the allegations contained in this paragraph regarding unidentified DOI conclusions regarding the Chukchi Sea. API is without sufficient information to form a belief as to the allegations contained in this paragraph regarding plaintiffs' predictions relating to an oil spill in the Atlantic Ocean. API denies the remaining allegations contained in this paragraph.

32. API acknowledges that the risk of climate change is a serious problem that requires research for solutions and effective policies that allow us to meet our energy needs while protecting the environment. API denies the remaining allegations contained in this paragraph.

33. This paragraph represents plaintiffs' characterization of the Outer Continental Lands Act ("OCSLA") and its implementing regulations and, accordingly, no response is required. API respectfully refers the Court to the OCSLA and the implementing regulations for a complete and accurate statement of their contents. To the extent any response is required, API denies that this paragraph accurately and completely summarizes the statutory and regulatory regime applicable to oil and gas exploration, development, and production.

34. This paragraph represents plaintiffs' characterization of the structured process for federal government approval of oil and gas leasing and development under the OCSLA as well as unidentified actions taken by unidentified government agencies within that process. API respectfully refers the Court to the OCSLA and the government's actions under the OCSLA for a

8

Answer, Defenses, and Affirmative Defenses of Defendant-Intervenors
*League of Conservation Voters, et al., v. Trump, et al.,* No. 3:17-cv-00101 (SLG)
Case 3:17-cv-00101-SLG    Document 26    Filed 07/28/17    Page 8 of 20

complete and accurate statement of their contents. To the extent any response is required, API denies that this paragraph accurately summarizes the OCSLA or the government's actions pursuant to the OCSLA.

35. API admits that DOI has conducted lease sales in the Beaufort Sea and the Chukchi Sea leasing areas. This paragraph represents plaintiffs' characterization of those sales and of the DOI's draft and final five-year leasing programs under the OCSLA. API respectfully refers the Court to the DOI's draft and final five-year leasing programs and the DOI's offshore lease sale statistics for a complete and accurate statement of their contents. To the extent any response is required, API denies that this paragraph accurately summarizes the DOI's draft and final five-year leasing programs and the DOI's offshore lease sales.

36. API admits that Shell Exploration and Production conducted oil and gas development operations on its federal offshore leases in the Chukchi and Beaufort Seas pursuant to DOI-approved permits. API admits that the mobile offshore drilling unit *Kulluk* ran aground in the Gulf of Alaska in 2012. API further admits that the mobile drill ship *Noble Discoverer* suffered failures with its main engine and other equipment in 2012. The remainder of this paragraph represents plaintiffs' characterization of factual and legal circumstances of Shell's operations in the Chukchi and Beaufort Seas in 2012, and, accordingly, no response is required. To the extent any response is required, API denies that this paragraph accurately and completely summarizes the factual and legal circumstances of Shell's operations in the Chukchi and Beaufort Seas in 2012.

37. API admits that Shell Exploration and Production conducted oil and gas drilling operations, including an exploratory test well, on a federal offshore lease in the Chukchi Sea in 2015. API further admits that some leaseholders have relinquished federal OCS leases in the

9

Answer, Defenses, and Affirmative Defenses of Defendant-Intervenors
*League of Conservation Voters, et al., v. Trump, et al.,* No. 3:17-cv-00101 (SLG)
Case 3:17-cv-00101-SLG    Document 26    Filed 07/28/17    Page 9 of 20

Chukchi and Beaufort Seas. The remainder of this paragraph represents plaintiffs' characterization of the actions of federal OCS leaseholders in the Chukchi and Beaufort Seas, and, accordingly, no response is required. To the extent any response is required, API denies that this paragraph accurately and completely summarizes the actions of federal OCS leaseholders in the Chukchi and Beaufort Seas.

38. API admits that seismic surveys have been conducted in the Arctic Ocean in the past decade. The remainder of this paragraph represents plaintiffs' characterization of the extent of seismic surveying the Arctic Ocean, and, accordingly, no response is required. To the extent any response is required, API denies that this paragraph accurately and completely summarizes the extent of seismic surveying in the Arctic Ocean.

39. API admits that some companies in the oil and gas industry remain interested in oil and gas development consistent with environmental safeguards in the Arctic Ocean. API further admits that President Trump signed Executive Order 13795 on April 28, 2017. API admits that Eni US, a subsidiary of Italian multinational oil and gas company Eni S.p.A. has submitted an exploration plan to drill into a federal lease in the Beaufort Sea from a pre-existing facility in Alaska state waters. API admits that SAExploration submitted an application to BOEM for a permit to conduct an ocean-bottom node, marine seismic survey in the Beaufort Sea in 2017. API avers that SAExploration withdrew the permit application in April 2017. API is without information sufficient to form a belief as to the allegations contained in this paragraph regarding the unidentified comments of unidentified industry groups on the most recent five-year leasing program. API is without information sufficient to form a belief as to the allegations contained in this paragraph regarding the unidentified comments of unidentified industry groups representing seismic operators. API is without information sufficient to form a belief as to the

10
Answer, Defenses, and Affirmative Defenses of Defendant-Intervenors
*League of Conservation Voters, et al., v. Trump, et al.,* No. 3:17-cv-00101 (SLG)
Case 3:17-cv-00101-SLG   Document 26   Filed 07/28/17   Page 10 of 20

allegations contained in this paragraph regarding an unidentified prediction from NMFS regarding seismic surveying. To the extent any response is required, API denies the allegations.

40. API admits that BOEM is an agency within DOI that reviews and issues permits for seismic surveys on the federal OCS. API further admits that NMFS is an agency within Commerce with the authority to authorize certain takes of marine mammals pursuant to the Marine Mammal Protection Act ("MMPA"). API admits that BOEM is evaluating permit applications submitted by seven companies to conduct geological and geophysical activities in the Atlantic Ocean. API further admits that NMFS has solicited public comments on its proposal to issue authorizations to incidentally take marine mammals under the MMPA during specified geophysical survey activities by four applicants in the Atlantic Ocean. The remainder of this paragraph represents plaintiffs' characterization of the permit applications submitted to BOEM and NMFS. API respectfully refers the Court to the permit applications for a complete and accurate statement of their contents. To the extent any response is required, API denies that this paragraph accurately summarizes the permit applications.

41. This paragraph represents plaintiffs' characterization of the permit applications submitted to BOEM and NMFS to conduct geological and geophysical activities in the Atlantic and Arctic Oceans. API respectfully refers the Court to the permit applications for a complete and accurate statement of their contents. To the extent any response is required, API denies that this paragraph accurately summarizes the permit applications.

42. API admits that the 2017-2022 five-year leasing program does not schedule any OCS lease sales in the Atlantic Ocean. API further admits that Abigail Ross Hopper was the Director of BOEM on January 5, 2017. API admits that BOEM denied six applications for permits to conduct geological and geophysical activities in the Atlantic OCS, and that permit

11
Answer, Defenses, and Affirmative Defenses of Defendant-Intervenors
*League of Conservation Voters, et al., v. Trump, et al.,* No. 3:17-cv-00101 (SLG)
Case 3:17-cv-00101-SLG    Document 26    Filed 07/28/17    Page 11 of 20

applicants appealed the denials to the Interior Board of Land Appeals. API further admits that in January 2017, NMFS temporarily suspended processing applications for authorization to conduct geophysical survey activities in the Atlantic Ocean. API is without information sufficient to form a belief as to the allegations contained in this paragraph regarding the unidentified and undated comments of former BOEM Director Hopper. The remainder of this paragraph represents plaintiffs' characterization of BOEM's and NMFS' decisions regarding permit applications. API respectfully refers the Court to the decisions for a complete and accurate statement of their contents. To the extent any response is required, API denies that this paragraph accurately summarizes the decisions.

43. API admits that the OCSLA and implementing regulations authorize BOEM to issue permits for geological and geophysical activities on un-leased OCS lands. API further admits that geological and geophysical activities may occur prior to lease sales to inform the federal government of the value of mineral resources underlying submerged lands within United States jurisdiction, and to inform oil and gas exploration and development companies of promising oil and gas prospects. API also admits that technological advances may support subsequent geological and geophysical activities on previously surveyed areas in order to better value and identify available mineral resources. The remainder of this paragraph represents plaintiffs' characterization of seismic surveying operations, and, accordingly, no response is required. To the extent any response is required, API denies that this paragraph accurately and completely summarizes seismic operations.

44. API admits that the OCSLA authorizes the President to withdraw federal OCS lands from disposition for oil and gas leasing. This paragraph contains plaintiffs' characterization of the OCSLA and, accordingly, no response is required. API respectfully refers

12
Answer, Defenses, and Affirmative Defenses of Defendant-Intervenors
*League of Conservation Voters, et al., v. Trump, et al.,* No. 3:17-cv-00101 (SLG)
Case 3:17-cv-00101-SLG   Document 26   Filed 07/28/17   Page 12 of 20

the Court to the OCSLA for a complete and accurate statement of its contents. To the extent any response is required, API denies that this paragraph accurately and completely summarizes the President's authority. The remainder of this paragraph represents plaintiffs' characterization of unidentified decisions issued by Presidents Eisenhower, Nixon, George H.W. Bush, and Clinton and, accordingly, no response is required. API respectfully refers the Court to the decisions for a complete and accurate statement of their contents. To the extent any response is required, API denies that this paragraph accurately summarizes the decisions.

45. This paragraph represents a characterization of the plaintiffs' allegations and legal conclusions and therefore requires no response. To the extent any response is required, API denies the allegations. API avers that a president has modified areas withdrawn from disposition for oil and gas leasing under the OCSLA prior to Executive Order 13795.

46. API admits that President Obama issued a Presidential Memorandum on January 27, 2015 withdrawing portions of the Arctic OCS from disposition for oil and gas leasing under the Section 12(a) of the OCSLA. The remainder of this paragraph represents plaintiffs' characterization of the January 27, 2015 Presidential Memorandum. API respectfully refers the Court to the January 27, 2015 Presidential Memorandum for a complete and accurate statement of its contents. To the extent any response is required, API denies that this paragraph accurately and completely summarizes the January 27, 2015 Presidential Memorandum.

47. API admits that President Obama issued a Presidential Memorandum on December 20, 2016 withdrawing portions of the Atlantic OCS from disposition for oil and gas leasing under the Section 12(a) of the OCSLA. The remainder of this paragraph represents plaintiffs' characterization of the December 20, 2016 Presidential Memorandum. API respectfully refers the Court to the December 20, 2016 Presidential Memorandum for a complete

13
Answer, Defenses, and Affirmative Defenses of Defendant-Intervenors
*League of Conservation Voters, et al., v. Trump, et al.,* No. 3:17-cv-00101 (SLG)
Case 3:17-cv-00101-SLG    Document 26    Filed 07/28/17    Page 13 of 20

and accurate statement of its contents. To the extent any response is required, API denies that this paragraph accurately and completely summarizes the December 20, 2016 Presidential Memorandum.

48. API admits that President Obama issued a Presidential Memorandum on January 27, 2015 withdrawing portions of the Arctic OCS from disposition for oil and gas leasing under the Section 12(a) of the OCSLA. This paragraph contains plaintiffs' characterization of the January 27, 2015 Presidential Memorandum. API respectfully refers the Court to the January 27, 2015 Presidential Memorandum for a complete and accurate statement of its contents. To the extent any response is required, API denies that this paragraph accurately and completely summarizes the January 27, 2015 Presidential Memorandum. The remainder of this paragraph represents a characterization of the plaintiffs' allegations and legal conclusions and therefore requires no response. To the extent any response is required, API denies the allegations.

49. API admits that President Obama issued a Presidential Memorandum on January 27, 2015 withdrawing portions of the Arctic OCS from disposition for oil and gas leasing under the Section 12(a) of the OCSLA. API admits that Sally Jewell was the Secretary of DOI on January 27, 2015. API further admits that Abigail Ross Hopper was the Director of BOEM on January 27, 2015. API is without information sufficient to form a belief as to the allegations contained in this paragraph regarding the unidentified and undated comments of former DOI Secretary Jewell and former BOEM Director Hopper. API respectfully refers the Court to the unidentified and undated comments for a complete and accurate statement of their contents.

50. API admits that the federal government issued a fact sheet relating to the January 27, 2015 Presidential Memorandum. The remainder of this paragraph represents plaintiffs' characterization of the fact sheet relating to the January 27, 2015 Presidential Memorandum.

14
Answer, Defenses, and Affirmative Defenses of Defendant-Intervenors
*League of Conservation Voters, et al., v. Trump, et al.,* No. 3:17-cv-00101 (SLG)
Case 3:17-cv-00101-SLG   Document 26   Filed 07/28/17   Page 14 of 20

API respectfully refers the Court to the fact sheet for a complete and accurate statement of its contents. To the extent any response is required, API denies that this paragraph accurately and completely summarizes the fact sheet.

51. API admits that President Obama issued a Presidential Memorandum on December 20, 2016 withdrawing portions of the Atlantic OCS from disposition for oil and gas leasing under the Section 12(a) of the OCSLA. This paragraph contains plaintiffs' characterization of the December 20, 2016 Presidential Memorandum. API respectfully refers the Court to the December 20, 2016 Presidential Memorandum for a complete and accurate statement of its contents. To the extent any response is required, API denies that this paragraph accurately and completely summarizes the December 20, 2016 Presidential Memorandum. The remainder of this paragraph represents a characterization of the plaintiffs' allegations and legal conclusions and therefore requires no response. To the extent any response is required, API denies the allegations.

52. API admits that the federal government issued a fact sheet relating to the December 20, 2016 Presidential Memorandum. The remainder of this paragraph represents plaintiffs' characterization of the fact sheet relating to the December 20, 2016 Presidential Memorandum. API respectfully refers the Court to the fact sheet for a complete and accurate statement of its contents. To the extent any response is required, API denies that this paragraph accurately and completely summarizes the fact sheet.

53. API admits that President Trump signed Executive Order 13795, entitled "Implementing an America-First Offshore Energy Strategy," on April 28, 2017. The remainder of this paragraph represents plaintiffs' characterization of Executive Order 13795, to which no response is required. API respectfully refers the Court to Executive Order 13795 for a complete

15
Answer, Defenses, and Affirmative Defenses of Defendant-Intervenors
*League of Conservation Voters, et al., v. Trump, et al.,* No. 3:17-cv-00101 (SLG)
Case 3:17-cv-00101-SLG Document 26 Filed 07/28/17 Page 15 of 20

and accurate statement of its contents. To the extent any response is required, API denies that this paragraph accurately and completely summarizes Executive Order 13795.

54. API admits that the Secretary of the Interior issued Secretarial Order No. 3350 on May 1, 2017. API further admits that, among other things, Secretarial Order No. 3350 further implements Executive Order 13795. The remainder of this paragraph represents plaintiffs' characterization of Secretarial Order No. 3350, to which no response is required. API respectfully refers the Court to Secretarial Order No. 3350 for a complete and accurate statement of its contents. To the extent any response is required, API denies that this paragraph accurately and completely summarizes Secretarial Order No. 3350.

55. API incorporates by reference its answers to paragraphs 1-54.

56. This paragraph represents a characterization of the plaintiffs' allegations and legal conclusions and therefore requires no response. To the extent any response is required, API denies the allegations. To the extent the allegations purport to characterize federal statutes or the United States Constitution, the statutes and the Constitution speak for themselves and are the best evidence of their contents, and, therefore, no response is required.

57. This paragraph contains plaintiffs' characterization of the United States Constitution and, accordingly, no response is required. API respectfully refers the Court to the Constitution for a complete and accurate statement of its contents. To the extent any response is required, API denies that this paragraph accurately and completely summarizes the Constitution. The remainder of this paragraph represents a characterization of the plaintiffs' allegations and legal conclusions and therefore requires no response. To the extent any response is required, API denies the allegations.

16
Answer, Defenses, and Affirmative Defenses of Defendant-Intervenors
*League of Conservation Voters, et al., v. Trump, et al.,* No. 3:17-cv-00101 (SLG)
Case 3:17-cv-00101-SLG    Document 26    Filed 07/28/17    Page 16 of 20

58. This paragraph contains plaintiffs' characterization of the OCSLA and, accordingly, no response is required. API respectfully refers the Court to the OCSLA for a complete and accurate statement of its contents. To the extent any response is required, API denies that this paragraph accurately and completely summarizes the authority of the President. The remainder of this paragraph represents a characterization of the plaintiffs' allegations and legal conclusions and therefore requires no response. To the extent any response is required, API denies the allegations.

59. This paragraph represents a characterization of the plaintiffs' allegations and legal conclusions and therefore requires no response. To the extent any response is required, API denies the allegations.

60. Denied.

61. Denied.

62. API incorporates by reference its answers to paragraphs 1-61.

63. This paragraph represents a characterization of the plaintiffs' allegations and legal conclusions and therefore requires no response. To the extent any response is required, API denies the allegations. To the extent the allegations purport to characterize federal statutes, the statutes speak for themselves and are the best evidence of their contents, and, therefore, no response is required.

64. This paragraph contains plaintiffs' characterization of the OCSLA and, accordingly, no response is required. API respectfully refers the Court to the OCSLA for a complete and accurate statement of its contents. To the extent any response is required, API denies that this paragraph accurately and completely summarizes the authority of the President. The remainder of this paragraph represents a characterization of the plaintiffs' allegations and

17

Answer, Defenses, and Affirmative Defenses of Defendant-Intervenors
*League of Conservation Voters, et al., v. Trump, et al.,* No. 3:17-cv-00101 (SLG)
Case 3:17-cv-00101-SLG    Document 26    Filed 07/28/17    Page 17 of 20

legal conclusions and therefore requires no response. To the extent any response is required, API denies the allegations.

65. Denied.

66. Denied.

## DEFENSES AND AFFIRMATIVE DEFENSES

1. Plaintiffs lack standing.

2. Plaintiffs have failed to state a claim upon which relief can be granted.

3. Plaintiffs failed to exhaust administrative remedies.

4. Plaintiffs' claims are barred, in whole or in part, by the applicable statutes of limitations or repose.

5. Plaintiffs' claims are barred, in whole or in part, by the doctrine of laches, waiver and/or estoppel.

6. Plaintiffs are not entitled to any of the relief requested in the Complaint because the hardship that would be imposed by such relief is greatly disproportionate to any hardship that plaintiffs or those they purport to represent might suffer in its absence.

WHEREFORE, API prays this Court deny plaintiffs' request for relief, dismiss the complaint with prejudice and grant such further relief as the Court deems appropriate.

18
Answer, Defenses, and Affirmative Defenses of Defendant-Intervenors
*League of Conservation Voters, et al., v. Trump, et al.,* No. 3:17-cv-00101 (SLG)
Case 3:17-cv-00101-SLG     Document 26     Filed 07/28/17     Page 18 of 20

Respectfully submitted,

 /s/ *James D. Linxwiler*
James D. Linxwiler (Alaska Bar No. 7705185)
Christina A. Rankin (Alaska Bar No. 0306034)
Guess & Rudd P.C.
1029 W. 3rd Ave. #400
Anchorage, AK 99501
Tel: (907) 793-2200
Fax: (907) 793-2299
jlinxwiler@guessrudd.com
crankin@guessrudd.com

Steven J. Rosenbaum (*Pro hac vice*)
Bradley K. Ervin (*Pro hac vice*)
COVINGTON & BURLING LLP
One CityCenter
850 Tenth St. N.W.
Washington, D.C. 20001
Tel: (202) 662-5568
Fax: (202) 778-5568
srosenbaum@cov.com
bervin@cov.com

*Attorneys for Intervenor American Petroleum Institute*

July 28, 2017

19
Answer, Defenses, and Affirmative Defenses of Defendant-Intervenors
*League of Conservation Voters, et al., v. Trump, et al.,* No. 3:17-cv-00101 (SLG)
Case 3:17-cv-00101-SLG   Document 26   Filed 07/28/17   Page 19 of 20

# CERTIFICATE OF SERVICE

I hereby certify that on this 28th day of July, 2017, I caused a true and correct copy of the foregoing Answer, Defenses, and Affirmative Defenses of Defendant-Intervenors to be filed with the Court electronically and served by the Court's CM/ECF System upon the following:

Erik Grafe
Earthjustice
441 W. 5th Ave., Suite 301
Anchorage, AK 99501
Tel: 907-792-7102
Fax: 907-277-1390
Email: egrafe@earthjustice.org

Eric P. Jorgensen
Earthjustice
325 Fourth Street
Juneau, AK 99801
Tel: 907-586-2751
Fax: 907-463-5891
Email: ejorgensen@earthjustice.org

Nathaniel S.W. Lawrence
Natural Resources Defense Council
3723 Holiday Drive, SE
Olympia, WA 98501
Tel: 360-534-9900
Email: nlawrence@nrdc.org

Nancy S. Marks
Natural Resources Defense Council
40 West 20th Street, 11th Floor
New York, NY 10011
Tel: 212-727-2700
Fax: 415-795-4799
Email: nmarks@nrdc.org

*Counsel for Plaintiffs*

Sarah D. Himmelhoch
Senior Litigation Counsel for E-Discovery
U.S. Department of Justice
Environment & Natural Resources Division
601 D Street, N.W.
Washington, D.C. 20004
Tel: 202-514-0180
Fax: 202-514-0057
Email: sarah.himmelhoch@usdoj.gov

*Counsel for Federal Defendants*

        */s/  James D. Linxwiler*
        James D. Linxwiler

20
Answer, Defenses, and Affirmative Defenses of Defendant-Intervenors
*League of Conservation Voters, et al., v. Trump, et al.,* No. 3:17-cv-00101 (SLG)
Case 3:17-cv-00101-SLG   Document 26   Filed 07/28/17   Page 20 of 20