JAHNA LINDEMUTH
ATTORNEY GENERAL
Bradley E. Meyen (AK Bar No. 8506067)
Jennifer E. Douglas (AK Bar No. 1605029)*
Assistant Attorneys General
Department of Law
1031 West Fourth Avenue, Suite 200
Anchorage, AK  99501
Telephone: (907) 269-5232
Facsimile: (907) 276-3697
Email: brad.meyen@alaska.gov
       jennifer.douglas@alaska.gov

Attorneys for State of Alaska

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| LEAGUE OF CONSERVATION VOTERS, *et al.*,<br><br>*Plaintiffs,*<br>v.<br><br>DONALD J. TRUMP, *et al.*,<br><br>*Defendants,*<br><br>AMERICAN PETROLEUM INSTITUTE,<br><br>*Intervenor-Defendant.* | Case No. 3:17-cv-00101-SLG<br><br>**[PROPOSED] DEFENDANT-INTERVENOR STATE OF ALASKA'S ANSWER TO PLAINTIFF'S COMPLAINT** |

Defendant-Intervenor State of Alaska ("State") answers and asserts defenses to the claims and allegations made in Plaintiffs' Complaint for Declaratory and Injunctive Relief as follows:

## SUMMARY

1. Paragraph 1 states Plaintiffs' characterization of their lawsuit and conclusions of law, to which no response is required. To the extent the allegations purport to characterize Executive Order No. 13795 (82 Fed. Reg. 20,815) and President Obama's presidential memoranda dated January 27, 2015 and December 20, 2016, those documents speak for themselves, and no response is required.

## JURISDICTION

2. Paragraph 2 presents jurisdictional allegations, not allegations of fact. Therefore, no response is required.

3. Paragraph 3 presents jurisdictional allegations, not allegations of fact. Therefore, no response is required.

4. Paragraph 4 presents jurisdictional allegations, not allegations of fact. Therefore, no response is required.

## PLAINTIFFS

5. The State denies the allegations in Paragraph 5 for lack of knowledge or information sufficient to form a belief as to the truth thereof.

6. The State denies the allegations in Paragraph 6 for lack of knowledge or information sufficient to form a belief as to the truth thereof.

7. The State denies the allegations in Paragraph 7 for lack of knowledge or information sufficient to form a belief as to the truth thereof.

8. The State denies the allegations in Paragraph 8 for lack of knowledge or information sufficient to form a belief as to the truth thereof.

*League of Conservation Voters, et al. v. Trump, et al.*     Case No. 3:17-cv-00101-SLG
[Proposed] Answer     Page 2 of 12
Case 3:17-cv-00101-SLG     Document 30-2     Filed 08/31/17     Page 2 of 12

9. The State denies the allegations in Paragraph 9 for lack of knowledge or information sufficient to form a belief as to the truth thereof.

10. The State denies the allegations in Paragraph 10 for lack of knowledge or information sufficient to form a belief as to the truth thereof.

11. The State denies the allegations in Paragraph 11 for lack of knowledge or information sufficient to form a belief as to the truth thereof.

12. The State denies the allegations in Paragraph 12 for lack of knowledge or information sufficient to form a belief as to the truth thereof.

13. The State denies the allegations in Paragraph 13 for lack of knowledge or information sufficient to form a belief as to the truth thereof.

14. The State denies the allegations in Paragraph 14 for lack of knowledge or information sufficient to form a belief as to the truth thereof.

15. The State denies the allegations in Paragraph 15 for lack of knowledge or information sufficient to form a belief as to the truth thereof.

16. The State denies the allegations as to harm to Plaintiffs' members in Paragraph 16 for lack of knowledge or information sufficient to form a belief as to the truth thereof. To the extent Paragraph 16 purports to characterize Executive Order No. 13795, the order speaks for itself and no response is required. The State denies the remaining allegations.

17. Paragraph 17 states Plaintiffs' characterization of their lawsuit, to which no response is required. The State denies that Plaintiffs are entitled to any relief.

## DEFENDANTS

18. The State admits the allegations in Paragraph 18.

19. The State admits that Ryan Zinke is the Secretary of the Department of the Interior. To the extent the allegations in Paragraph 19 purport to characterize federal laws, those laws speak for themselves and no response is required.

20. The State admits that Wilbur Ross is the Secretary of the Department of Commerce. To the extent the allegations in Paragraph 20 purport to characterize federal laws, those laws speak for themselves and no response is required.

## BACKGROUND

21. The State admits the Chukchi and Beaufort Seas are located in the Arctic Ocean. The State denies the allegation in the second sentence that the federal waters "border sensitive federal lands," but admits that the Chukchi and Beaufort Seas provide habitat to wildlife, including some species listed as threatened or endangered. The State is without sufficient information to form a belief as to the remaining allegations, and therefore, they are denied.

22. The State admits that surface conditions in the Arctic vary dramatically, with severe winters. The State further admits that the coastal regions of the Chukchi and Beaufort Seas include eight communities and few roads, and do not include a Coast Guard station. The State denies the remaining allegations in Paragraph 22 for lack of knowledge or information sufficient to form a belief as to the truth.

23. The State denies the allegations in Paragraph 23 for lack of knowledge or information sufficient to form a belief as to the truth thereof.

24. The State denies the allegations in Paragraph 24 for lack of knowledge or information sufficient to form a belief as to the truth thereof.

25. To the extent the allegations in Paragraph 25 pertain to the Atlantic Ocean, the State denies the allegations for lack of knowledge or information sufficient to form a belief as to the truth. To the extent that the allegations in Paragraph 25 pertain to the Arctic Ocean, they are denied.

26. The State denies the allegations in Paragraph 26.

27. The State admits that seismic surveying using air guns is a method of identifying potential oil and gas deposits and can be conducted over a large area from a ship. The remaining allegations in this paragraph are Plaintiffs' characterization of seismic surveying, and to the extent a response is required, these allegations are denied.

28. The State denies the allegations in the first three sentences in Paragraph 28. The State admits that the National Marine Fisheries Service is an agency within the Department of Commerce, but denies the remaining allegations in the fourth sentence of Paragraph 28 for lack of knowledge or information sufficient to form a belief as to the truth thereof. The State denies the last sentence in Paragraph 28 for lack of knowledge or information sufficient to form a belief as to the truth thereof.

29. The State denies the allegations in Paragraph 29.

30. The State denies the allegations in Paragraph 30.

31. The State denies the allegations in Paragraph 31 for lack of knowledge or information sufficient to form a belief as to the truth thereof.

32. The State denies the allegations in Paragraph 32.

33. Paragraph 33 purports to characterize provisions of the Outer Continental Shelf Lands Act ("OCSLA"), which speaks for itself. Therefore, no response is required. Any allegations inconsistent with the plain language and meaning of OCSLA are denied.

34. Paragraph 34 purports to characterize the federal government's decisions to authorize oil and gas activities under OCSLA. Those decisions speak for themselves, and therefore, no response is required. Any allegations inconsistent with the plain language in those decisions are denied.

35. Paragraph 35 purports to characterize the federal government's implementation of OCSLA. Those actions speak for themselves; therefore, no response is required. Any allegations inconsistent with those actions are denied.

36. The State denies the allegations in Paragraph 36 for lack of knowledge or information sufficient to form a belief as to the truth thereof.

37. The State denies the allegations in Paragraph 37 for lack of knowledge or information sufficient to form a belief as to the truth thereof.

38. The State denies the allegations in Paragraph 38 for lack of knowledge or information sufficient to form a belief as to the truth thereof.

39. The State admits that some companies remain interested in oil and gas development in the Arctic. The State avers that in its 2016 Beaufort Sea Areawide Sale, it awarded roughly 32,000 acres of state land for lease and recently approved a permit for Eni US to conduct exploratory drilling on its federal lease using existing infrastructure on its state lease. The State further avers that it has submitted comments to the Bureau of Ocean Energy Management encouraging the inclusion of the outer continental shelves in

the Beaufort Sea, the Chukchi Sea and Cook Inlet in the 2017 – 2022 leasing program and the 2019 – 2024 leasing program. The State denies the remaining allegations in Paragraph 39 for lack of knowledge or information sufficient to form a belief as to the truth thereof.

40. The State denies the allegations in Paragraph 40 for lack of knowledge or information sufficient to form a belief as to the truth thereof.

41. The State denies the allegations in Paragraph 41 for lack of knowledge or information sufficient to form a belief as to the truth thereof.

42. The State denies the allegations in Paragraph 42 for lack of knowledge or information sufficient to form a belief as to the truth thereof.

43. The State denies the allegations in Paragraph 43 for lack of knowledge or information sufficient to form a belief as to the truth thereof.

44. Paragraph 44 purports to characterize the history of presidential withdrawals under OCSLA, which speak for themselves. Therefore, no response is required. Any allegation inconsistent with the plain language and meaning of those withdrawals are denied.

45. The State denies the allegations in Paragraph 45 for lack of knowledge or information sufficient to form a belief as to the truth thereof.

46. Paragraph 46 purports to characterize President Obama's presidential memorandum dated January 27, 2015, which speaks for itself. Therefore, no response is required. Any allegation inconsistent with the plain language and meaning of that memorandum is denied.

47. Paragraph 47 purports to characterize President Obama's presidential memorandum dated December 20, 2016, which speaks for itself. Therefore, no response is required. Any allegation inconsistent with the plain language and meaning of that memorandum is denied.

48. Paragraph 48 purports to characterize President Obama's presidential memoranda dated December 20, 2016 and January 27, 2015, which speak for themselves. Therefore, no response is required. Any allegation inconsistent with the plain language and meaning of those memoranda is denied.

49. The State admits that Sally Jewell was formerly Secretary of the Department of the Interior and Abigail Ross Hopper was formerly director of the Bureau of Ocean Energy Management. The State denies the remaining allegations in Paragraph 49 for lack of knowledge or information sufficient to form a belief as to the truth thereof.

50. Paragraph 50 purports to characterize a fact sheet, which speaks for itself. Therefore, no response is required. Any allegation inconsistent with the plain language and meaning of that fact sheet is denied.

51. Paragraph 51 purports to characterize President Obama's presidential memorandum dated December 20, 2016, which speaks for itself. Therefore, no response is required. Any allegation inconsistent with the plain language and meaning of that memorandum is denied.

52. Paragraph 52 purports to characterize a fact sheet, which speaks for itself. Therefore, no response is required. Any allegation inconsistent with the plain language and meaning of that fact sheet is denied.

53. Paragraph 53 purports to characterize Executive Order 13795, which speaks for itself. Therefore, no response is required. Any allegation inconsistent with the plain language and meaning of that order is denied.

54. Paragraph 54 purports to characterize a secretarial order, which speaks for itself. Therefore, no response is required. Any allegation inconsistent with the plain language and meaning of that order is denied.

## CLAIMS FOR RELIEF

55. The State incorporates by reference its answers to Paragraphs 1 – 55.

56. Paragraph 56 states Plaintiffs' conclusion of law to which no response is required. To the extent a response may be deemed to be required, the State denies this allegation.

57. Paragraph 57 purports to characterize the United States Constitution, which speaks for itself. Therefore, no response to the first sentence of this paragraph is required. Any allegation inconsistent with the plain language and meaning of that clause is denied. The second sentence of this paragraph states Plaintiffs' conclusion of law to which no response is required. To the extent a response may be deemed to be required, the State denies these allegations.

58. Paragraph 58 purports to characterize a provision of OCSLA, which speaks for itself. Therefore, no response to the first sentence of this paragraph is required. Any allegation inconsistent with the plain language and meaning of that provision is denied. The second sentence of this paragraph states Plaintiffs' conclusion of law to which no

response is required. To the extent a response may be deemed to be required, the State denies these allegations.

59. Paragraph 59 states Plaintiffs' conclusion of law to which no response is required. To the extent a response may be deemed to be required, the State denies the allegations.

60. Paragraph 60 states Plaintiffs' conclusion of law to which no response is required. To the extent a response may be deemed to be required, the State denies the allegation.

61. Paragraph 61 states Plaintiffs' conclusion of law to which no response is required. To the extent a response may be deemed to be required, the State denies the allegation.

62. The State incorporates by reference its answers to Paragraphs 1 – 62.

63. Paragraph 63 states Plaintiffs' conclusion of law to which no response is required. To the extent a response may be deemed to be required, the State denies the allegation.

64. Paragraph 64 purports to characterize a provision of OCSLA, which speaks for itself. Therefore, no response to the first sentence of this paragraph is required. Any allegation inconsistent with the plain language and meaning of that provision is denied. The second sentence of this paragraph states Plaintiffs' conclusion of law to which no response is required. To the extent a response may be deemed to be required, the State denies these allegations.

*League of Conservation Voters, et al. v. Trump, et al.* Case No. 3:17-cv-00101-SLG
[Proposed] Answer Page 10 of 12
Case 3:17-cv-00101-SLG Document 30-2 Filed 08/31/17 Page 10 of 12

65. Paragraph 65 states Plaintiffs' conclusion of law to which no response is required. To the extent a response may be deemed to be required, the State denies the allegation.

66. Paragraph 66 states Plaintiffs' conclusion of law to which no response is required. To the extent a response may be deemed to be required, the State denies the allegation.

## GENERAL DENIAL

The State denies each and every allegation in Plaintiffs' Complaint for Declaratory and Injunctive Relief not otherwise expressly admitted, qualified, or denied herein. To the extent that any allegations in Plaintiffs' Complaint for Declaratory and Injunctive Relief remain unanswered, the State denies those allegations.

## AFFIRMATIVE DEFENSES

(a) Plaintiffs have failed to state a claim upon which relief can be granted.

(b) Plaintiffs Complaint for Declaratory and Injunctive Relief is barred by Plaintiffs' lack of standing to bring this action.

(c) Plaintiffs have failed to exhaust their administrative remedies.

(d) Plaintiffs' claims are barred by the doctrine of ripeness.

(e) Injunctive relief is not appropriate because Plaintiffs have an adequate remedy at law.

(f) Mandamus relief is not appropriate because Plaintiffs have not identified any non-discretionary duty with which the federal agencies did not comply.

DATED: August 31, 2017.

JAHNA LINDEMUTH
ATTORNEY GENERAL

By: /s/ Bradley E. Meyen
Bradley E. Meyen
AK Bar No. 8506067
Senior Assistant Attorney General
Department of Law
1031 West Fourth Avenue, Suite 200
Anchorage, AK 99501
Phone: (907) 269-5232
Facsimile: (907) 276-3697
Email: brad.meyen@alaska.gov

Jennifer E. Douglas
AK Bar No. 1605029
Assistant Attorney General
Department of Law
1031 West Fourth Avenue, Suite 200
Anchorage, AK 99501
Phone: (907) 269-5232
Facsimile: (907) 276-3697
Email: jennifer.douglas@alaska.gov

**CERTIFICATE OF SERVICE**

I certify that on August 31, 2017 the foregoing was served electronically on all parties via CM/ECF.

/s/Bradley E. Meyen
Bradley E. Meyen
Senior Assistant Attorney General

*League of Conservation Voters, et al. v. Trump, et al.*   Case No. 3:17-cv-00101-SLG
[Proposed] Answer   Page 12 of 12
Case 3:17-cv-00101-SLG   Document 30-2   Filed 08/31/17   Page 12 of 12