JEFFREY WOOD
Acting Assistant Attorney General

SARAH D. HIMMELHOCH
(MD Bar. No. 199212160064)
Senior Litigation Counsel
U.S. Department of Justice
Environment & Natural Resources Division 601
D Street NW
Washington, DC 20004
Telephone: (202) 514-0180
Facsimile: (202) 514-0097
sarah.himmelhoch@usdoj.gov

*Attorneys for Federal Defendants*

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| **LEAGUE OF CONSERVATION VOTERS**, et al., | ) |
| Plaintiffs, | ) Case No. 3:17-cv-00101- SLG |
| v. | ) |
| **DONALD J. TRUMP**, et al., | ) |
| Defendants. | ) |

## FEDERAL DEFENDANTS' ANSWER TO PLAINTIFFS' COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

Defendants, President Donald J. Trump, Secretary of the Interior Ryan Zinke, and Secretary of Commerce Wilbur Ross, each in his official capacity, file this answer to the allegations contained in Plaintiffs' Complaint for Injunctive Relief (Rec. Doc. 1). The numbered paragraphs of this answer correspond to the numbered paragraphs in Plaintiffs' complaint.

FEDERAL DEFENDANTS' ANSWER TO COMPLAINT
*League of Conservation Voters et al. v. Trump et al.,* Case No. 3:17-cv-00101- SLG   1

## RESPONSE TO SUMMARY

1. Defendants admit that on April 28, 2017, President Donald J. Trump issued the Executive Order Implementing an America-First Offshore Energy Strategy that, among other things, modified the earlier withdrawal of areas of the Outer Continental Shelf. The remainder of this paragraph constitutes characterization of the Plaintiffs' claims and several Executive Orders and the Defendants' deny these characterizations.

## RESPONSE TO JURISDICTION

2. The allegations in Paragraph 2 constitute conclusions of law, to which no response is required.

3. The allegations in Paragraph 3 constitute conclusions of law, to which no response is required.

4. The allegations in Paragraph 4 constitute conclusions of law, to which no response is required.

## RESPONSE TO PLAINTIFFS

5. Defendants lack sufficient information to either admit or deny the allegations in Paragraph 5 and on that basis deny them.

6. Defendants lack sufficient information to either admit or deny the allegations in Paragraph 6 and on that basis deny them.

7. Defendants lack sufficient information to either admit or deny the allegations in Paragraph 7 and on that basis deny them.

8. Defendants lack sufficient information to either admit or deny the allegations in Paragraph 8 and on that basis deny them.

FEDERAL DEFENDANTS' ANSWER TO COMPLAINT
*League of Conservation Voters et al. v. Trump et al.,* Case No. 3:17-cv-00101- SLG        2

Case 3:17-cv-00101-SLG    Document 49    Filed 05/11/18    Page 2 of 17

9. Defendants lack sufficient information to either admit or deny the allegations in Paragraph 9 and on that basis deny them.

10. Defendants lack sufficient information to either admit or deny the allegations in Paragraph 10 and on that basis deny them.

11. Defendants lack sufficient information to either admit or deny the allegations in Paragraph 11 and on that basis deny them.

12. Defendants lack sufficient information to either admit or deny the allegations in Paragraph 12 and on that basis deny them.

13. Defendants lack sufficient information to either admit or deny the allegations in Paragraph 13 and on that basis deny them.

14. Defendants lack sufficient information to either admit or deny the allegations in Paragraph 14 and on that basis deny them.

15. Defendants lack sufficient information to either admit or deny the allegations in Paragraph 15 and on that basis deny them.

16. Defendants deny the allegations in the first sentence of Paragraph 16. The allegations in the remainder of the paragraph purport to characterize Executive Orders that speak for themselves and are the best evidence of their contents. To the extent the allegations of these sentences are inconsistent with the referenced documents they are denied.

17. Defendants deny the allegations in Paragraph 17.

## **DEFENDANTS**

18. Defendants admit that Donald J. Trump is the President of the United States and signed the Executive Order Implementing an America-First Offshore Energy Strategy. The

FEDERAL DEFENDANTS' ANSWER TO COMPLAINT
*League of Conservation Voters et al. v. Trump et al.,* Case No. 3:17-cv-00101- SLG        3

Case 3:17-cv-00101-SLG   Document 49   Filed 05/11/18   Page 3 of 17

remainder of this paragraph are legal conclusions to which no response is required.

19. Defendants admit that Ryan Zinke is the Secretary of the Interior. The remainder of this paragraph are legal conclusions to which no response is required.

20. Defendants admit that Wilbur Ross is the Secretary of Commerce, and, as such, ensures compliance with specific, delegated obligations under the Endangered Species Act ("ESA") and Marine Mammal Protection Act ("MMPA"). The remainder of this paragraph are legal conclusions to which no response is required.

## RESPONSE TO BACKGROUND

### I. The Chukchi and Beaufort Seas and Atlantic Ocean

21. Defendants admit the Arctic Ocean includes, among other areas, the Chukchi and Beaufort Seas. With respect to the remaining sentences of Paragraph 21, Defendants admit that the Arctic Ocean constitute habitat to polar bears, walruses, whales, seals, migratory birds, and other animals, some of which are threatened or endangered; that these species are hunted and fished as part of Alaska Native cultural and subsistence activities. The remaining allegations are vague and ambiguous and lack the necessary context to form a response and therefore no response is required. To the extent a response is required, the Defendants deny the allegations.

22. The Defendants admit that there are no deepwater ports on the American coastline of the Arctic Ocean. Defendants also admit that the weather in the Arctic Region includes fog, storms, and freezing temperatures even during the summer. The Defendants otherwise deny the remainder of the allegations in Paragraph 22 as vague characterizations of the Plaintiffs' claims.

23. Defendants admit that there are undersea canyons in the Atlantic Ocean and that these canyons form habitat for corals, whales, swordfish, Bluefin tuna, sea turtles, seabirds, crustaceans,

FEDERAL DEFENDANTS' ANSWER TO COMPLAINT
*League of Conservation Voters et al. v. Trump et al.,* Case No. 3:17-cv-00101- SLG    4

Case 3:17-cv-00101-SLG   Document 49   Filed 05/11/18   Page 4 of 17

and methane-dependent organisms. The Defendants admit that certain whale species seasonally migrate between the Gulf of Maine feeding grounds and calving grounds in Florida. The remaining allegations are vague and ambiguous and lack the necessary context to form a response and therefore no response is required. To the extent a response is required, the Defendants deny the allegations. To the extent that the allegations in Paragraph 23 purport to reference unspecified public documents published by the White House, DOI, and/or DOC and NOAA, those documents speak for themselves and are the best evidence of their contents. To the extent the allegations contradict those documents, the allegations are denied.

24. The Defendants admit that tourism, recreation, and commercial fisheries are industries in the Mid-Atlantic region and along the Atlantic Coast. The Defendants admit that NOAA maintains annual statistics and reports on the fisheries in the United States. Defendants also admit that the National Marine Fisheries Service Annual Commercial Landing Statistics database tracking annual landings for 2014 in the Atlantic reports that all species landed from the Atlantic in 2014 constitute 1,352,823,250 pounds (see https://www.st.nmfs.noaa.gov/pls/webpls/MF_ANNUAL_LANDINGS.RESULTS). That database speaks for itself, and is the best evidence of its contents. To the extent the allegations in Paragraph 24 are inconsistent with these data, Defendants deny the allegations. Defendants are without sufficient information to admit or deny the remaining allegations as stated and on that basis deny them.

25. Defendants admit that according to the Arctic Report Card: Update for 2016 (https://www.arctic.noaa.gov/Report-Card/Report-Card-2016/ArtMID/5022/ArticleID/271/Surface-Air-Temperature), "[c]urrently the Arctic is warming at more than twice the rate of lower latitudes."

FEDERAL DEFENDANTS' ANSWER TO COMPLAINT
*League of Conservation Voters et al. v. Trump et al.,* Case No. 3:17-cv-00101- SLG       5

Case 3:17-cv-00101-SLG    Document 49    Filed 05/11/18    Page 5 of 17

Defendants also admit that that the Report Card stated the average annual surface air temperature anomaly over land north of 60° N for October 2015 to September 2016 was the highest in the observational record beginning in 1900. Defendants admit that a study by NOAA researchers published in the Journal of Geophysical Research – Oceans found that the ocean temperature of the U.S. Northeast Shelf is projected to warm almost three times faster than the global average. To the extent the remainder of the allegations purport to summarize NOAA research on species, including fish species; sea ice loss; and seawater acidification, NOAA research reports speak for themselves and are the best evidence of their contents. To the extent the allegations in Paragraph 25 are inconsistent with NOAA's research reports they are denied.

## II. Threats from Offshore Exploration and Development

26. Defendants admit that some oil and gas development, if conducted without mitigation, could harm marine mammals, birds, and fish. Defendants otherwise deny the allegations of Paragraph 26 as an incomplete description of the effects of oil and gas development that does not take into account mitigation measures that can and are required when certain oil and gas development activities are permitted. To the extent the allegations in Paragraph 26 are characterizations of scientific studies on marine mammals, birds, and fish or are characterizations of documents issued by NMFS regarding specific oil and gas development activities, those documents speak for themselves and are the best evidence of their contents. To the extent the allegations are inconsistent with the documents, Defendants deny the allegations.

27. Paragraph 27 contains Plaintiffs' characterization of these activities and, accordingly no response is required. To the extent a response is required, Defendants deny the allegations as an incomplete and therefore inaccurate description of the nature and effect of seismic surveys. To the extent the allegations in Paragraph 27 are characterizations of seismic studies or are characterizations of documents issued by NMFS regarding specific seismic surveys, those documents speak for themselves and are the best evidence of

FEDERAL DEFENDANTS' ANSWER TO COMPLAINT
*League of Conservation Voters et al. v. Trump et al.,* Case No. 3:17-cv-00101- SLG          6

Case 3:17-cv-00101-SLG   Document 49   Filed 05/11/18   Page 6 of 17

their contents. To the extent the allegations are inconsistent with the documents, Defendants deny the allegations.

28. Defendants admit that some seismic surveys, if conducted without mitigation, could harm marine mammals. Defendants otherwise deny the allegations of Paragraph 28 as an incomplete description of the effects of seismic surveys that does not take into account mitigation measures that can and are required when seismic surveys are permitted. Paragraph 28 constitutes Plaintiffs' characterization of the Bureau of Ocean Energy Management's Final Programmatic Environmental Impact Statement for Proposed Geological and Geophysical Activities on the Atlantic OCS which speaks for itself and is the best evidence of its contents. To the extent the allegations are inconsistent with the Environmental Impact Statement, they are denied. To the extent the allegations in Paragraph 28 are characterizations of scientific studies on marine mammals or are characterizations of documents issued by NMFS regarding specific seismic surveys, such as the two-month-long seismic survey in 2012 in the Arctic Ocean referenced in the fourth sentence of Paragraph 28, those documents speak for themselves and are the best evidence of their contents. To the extent the allegations are inconsistent with the documents, Defendants deny the allegations.

29. Defendants admit that some seismic surveys, if conducted without mitigation, could harm fish and shellfish. Defendants otherwise deny the allegations of Paragraph 29 as an incomplete description of the effects of seismic surveys that does not take into account mitigation measures that can and are required when seismic surveys are permitted. Defendants are without information sufficient to form a belief regarding plaintiffs' unsupported characterizations regarding reductions in documented catch rates and the longevity of those rates. To the extent the allegations in Paragraph 29 are characterizations of scientific studies on fish and shellfish or are characterizations of

FEDERAL DEFENDANTS' ANSWER TO COMPLAINT
*League of Conservation Voters et al. v. Trump et al.,* Case No. 3:17-cv-00101- SLG            7

Case 3:17-cv-00101-SLG   Document 49   Filed 05/11/18   Page 7 of 17

documents issued by NMFS regarding specific seismic surveys, those documents speak for themselves and are the best evidence of their contents. To the extent the allegations are inconsistent with the documents, Defendants deny the allegations.

30. Defendants admit that some exploration and production drilling, if conducted without mitigation, could harm marine mammals, fish, and invertebrates. Defendants otherwise deny the allegations of Paragraph 30 as an incomplete description of the effects of exploration and production drilling that does not take into account mitigation measures that can be and are required when such activities are permitted. Defendants are without information sufficient to form a belief regarding plaintiffs' supported characterizations regarding specific effects. To the extent the allegations in Paragraph 30 are characterizations of scientific studies on marine mammals, fish, and invertebrates or are characterizations of documents issued by NMFS regarding specific exploration and production drilling activities, those documents speak for themselves and are the best evidence of their contents. To the extent the allegations are inconsistent with the documents, Defendants deny the allegations.

31. Defendants admits that oil spills can, and have, occurred during oil and gas exploration and development. Defendants deny that all oil spill cause "irreparable" damage. Defendants deny the second and third sentences in Paragraph 31 as an inaccurate characterization of an Interior study (presumably BOEM's Lease Sale 193 Final Second Supplemental EIS), which speaks for itself and is the best evidence of its contents. Defendants also admit that mechanical containment and recovery, in situ burning, and dispersants constitute three of the methods of responding to an oil spill. Defendants also admit that the oil spilled during the BP Deepwater Horizon Incident soiled over 1,000 miles of coastline. Defendants deny the remaining allegations in the fourth and fifth sentences of Paragraph 31 because they are speculative and fail to account for the specific circumstances of the hypothetical spill they contend may happen in the Arctic as a result

FEDERAL DEFENDANTS' ANSWER TO COMPLAINT
*League of Conservation Voters et al. v. Trump et al.*, Case No. 3:17-cv-00101- SLG            8

Case 3:17-cv-00101-SLG   Document 49   Filed 05/11/18   Page 8 of 17

of oil and gas exploration activities. To the extent these allegations refer to any documents issued by NMFS under the MMPA and ESA that examine oil spill probabilities and effects, those documents, if any, speak for themselves and are the best evidence of their contents. To the extent these allegations are inconsistent with those documents, the allegations are denied.

32. Defendants admit that oil and gas development would result in emissions of gases designated as "greenhouse gases." Defendants are without sufficient information to admit or deny the remaining allegations in this paragraph because they are predictions based on unspecified assumptions and provide insufficient context to allow the Defendants to determine their veracity.

### III. The Outer Continental Shelf Lands Act

33. The allegations of Paragraph 33 purport to characterize the Outer Continental Shelf Lands Act ("OCSLA"), which speaks for itself and is the best evidence of its contents. To the extent that the allegations in Paragraph 33 are inconsistent with OCSLA, the allegations are denied.

### IV. Oil and Gas Activities in the Arctic and Atlantic Oceans

34. Defendants admit that, pursuant to the duties imposed by OCSLA and other governing statutes and regulations, the Department of the Interior has considered oil and gas exploration and development activity throughout the Outer Continental Shelf and has approved or permitted certain activities to the extent permitted by law. Defendants deny Plaintiffs' characterization of those activities and decisions.

35. The first two sentences of Paragraph 35 constitute Plaintiffs' characterization of the Department of the Interior's 2002-2007, 2007-2012, 2012-2017, and 2017-2022 Outer Continental Shelf Oil and Gas Leasing Program documents. These documents speak for themselves and constitute the best evidence of their contents. To the extent the allegations are inconsistent with

FEDERAL DEFENDANTS' ANSWER TO COMPLAINT
*League of Conservation Voters et al. v. Trump et al.,* Case No. 3:17-cv-00101- SLG    9

Case 3:17-cv-00101-SLG   Document 49   Filed 05/11/18   Page 9 of 17

these documents, Defendants deny the allegations. Defendants admit that it held four area-wide lease sales pursuant to these programs. Defendants also admit that in February 2008, the Department of the Interior held a lease sale in the Chukchi Sea, but aver that all leases issued as a result of this lease sale were relinquished by April 2017. Defendants admit that the 2007-2012 Program initially included a lease sale in the Atlantic but aver that such lease sale was cancelled.

36. Defendants admit that Shell Oil or its subsidiaries conducted oil and gas exploration activities on its leases in the Chukchi and Beaufort. Defendants deny that Shell destroyed its oil spill containment dome – it was damaged but later repaired and transported to support operations. Defendants also admit that once on the drill site in the Chukchi Sea, Shell undertook an emergency maneuver to avoid a large ice floe. Defendants further admit that the mobile offshore drilling unit *Kulluk* ran aground in the Gulf of Alaska in 2012 and that the main engine and other equipment of the mobile drill ship *Noble Discoverer* suffered failures in 2012. Defendants also admit that the Coast Guard cited the *Noble Discoverer* for 16 violations in 2013. In addition, Defendants admit that Noble Drilling (U.S.) LLC was sentenced for committing eight felony environmental and maritime crimes arising out of its operation of the drill ship *Noble Discoverer* and the drilling unit *Kulluk* in violation of federal law and that Noble was sentenced to pay $12.2 million dollars in fines and community service payments, as well as to serve a four year period of probation. The remaining allegations are vague and ambiguous and lack the necessary context to form a response and therefore no response is required. To the extent a response is required, the allegations are denied.

37. Defendants admit that Shell Oil or its subsidiaries drilled a single exploration well on its lease in the Chukchi Sea in 2015. Defendants admit that both Shell Oil or its subsidiaries and other oil and gas companies have relinquished most of their leases in the Chukchi and Beaufort Seas.

FEDERAL DEFENDANTS' ANSWER TO COMPLAINT
*League of Conservation Voters et al. v. Trump et al.,* Case No. 3:17-cv-00101- SLG   10

Case 3:17-cv-00101-SLG   Document 49   Filed 05/11/18   Page 10 of 17

38. Defendants admit that various operators have conducted seismic surveying in the Arctic Ocean in the past decade. The remaining allegations are vague and ambiguous and lack the necessary context to form a response and therefore no response is required. To the extent a response is required, the allegations are denied.

39. Defendants admit that some companies in the oil and gas industry remain interested in oil and gas development, in the Arctic Ocean. Defendants further admit that President Trump signed Executive Order 13795 on April 28, 2017. Defendants also admit that Eni US, a subsidiary of Italian multinational oil and gas company Eni S.p.A., has submitted an exploration plan to drill into a federal lease in the Beaufort Sea from a pre-existing facility in Alaska state submerged lands and that SAExploration submitted an application to BOEM for a permit to conduct an ocean-bottom node, marine seismic survey in the Beaufort Sea in 2017. Defendants aver that drilling by Eni US commenced in December 2017 and is ongoing. Defendants admit that SAExploration withdrew the permit application in April 2017. Defendants are without information sufficient to form a belief as to the allegations contained in this paragraph regarding the unidentified comments of unidentified industry groups. Defendants deny that the allegations in the fifth sentence are NOAA predictions, rather the National Marine Fisheries Service has incorporated BOEM's proposed scenarios concerning seismic surveys when preparing biological opinions under the ESA.

40. The Defendants admit that at least six companies have applied to the Bureau of Ocean Energy Management for permits to authorize deep-penetration seismic surveys in the Atlantic Ocean. Defendants also admit that five companies proposing to complete deep penetration seismic surveys in the Atlantic Ocean have applied to the National Marine Fisheries Service for incidental harassment authorizations (IHAs) under the Marine Mammal Protection Act, which the National

FEDERAL DEFENDANTS' ANSWER TO COMPLAINT
*League of Conservation Voters et al. v. Trump et al.,* Case No. 3:17-cv-00101- SLG     11

Case 3:17-cv-00101-SLG   Document 49   Filed 05/11/18   Page 11 of 17

Marine Fisheries Service issues for activities that result in the incidental but unintentional take of small numbers of marine mammals if such take will have a negligible impact on the affected species or stocks and will not have an unmitigable adverse impact on subsistence uses of marine mammals. Notice of the proposed IHAs relating to these deep penetration seismic surveys in the Atlantic Ocean was published in the Federal Register in June 2017, 82 FR 26244 (June 6, 2017). The public comment period closed on July 21, 2017 (82 FR 31048). The Federal Register notice and underlying applications speak for themselves and are the best evidence of their contents.

41. The allegations in the first sentence are vague and ambiguous and lack the necessary context to form a response and therefore no response is required. To the extent a response is required, the allegations are denied. Defendants further deny the allegations in Paragraph 41 as characterization of the permit applications and related Federal Register notice, which speak for themselves and are the best evidence of their content.

42. Defendants admit that seven companies have appealed the denial of the permits and that industry groups have made public statements regarding their view of these appeals. The Defendants deny the first two sentences of Paragraph 42 as Plaintiffs' characterization of the written denials of permit applications issued by the Department of the Interior on January 5, 2017. Those written denials speak for themselves and are the best evidence of their contents. Defendants deny the remaining allegations in the final sentence of Paragraph 42 as Plaintiffs' characterization of a statement by the National Marine Fisheries Service, which is the best evidence of its contents and speaks for itself. To the extent the allegations contradict this statement, they are denied.

43. Defendants admit that seismic surveys are sometimes conducted prior to lease sales as an exploration tool to identify prospective resources. Defendants also admit that survey

FEDERAL DEFENDANTS' ANSWER TO COMPLAINT
*League of Conservation Voters et al. v. Trump et al.,* Case No. 3:17-cv-00101- SLG    12

Case 3:17-cv-00101-SLG    Document 49    Filed 05/11/18    Page 12 of 17

technology is advancing and that results in occasional surveys of previously explored areas. Defendants deny the rest of Paragraph 43 as Plaintiffs' characterization.

V.  **Presidential Withdrawals**

44. Defendants admit that President Dwight D. Eisenhower established the Key Largo Coral Reef Preserve by withdrawing certain areas from oil and gas leasing on March 19, 1960. Defendants also admit that Presidents Nixon, George H.W. Bush, Clinton and Obama have each withdrawn areas from oil and gas leasing pursuant to OCSLA. Defendants' deny the remainder of the paragraph as Plaintiffs' characterizations of the Executive Orders and Statements making these withdrawals, each of which speaks for itself and is the best evidence of its contents.

45. Defendants deny the allegations of Paragraph 45.

46. Defendants admit that on January 27, 2015 President Obama issued the Memorandum on Withdrawal of Certain Areas of the United States Outer Continental Shelf Offshore Alaska from Leasing Disposition. The remainder of the allegations constitute Plaintiffs' characterization of that Memorandum, which speaks for itself and is the best evidence of its contents. Defendants deny the allegations to the extent they are inconsistent with the Memorandum.

47. Defendants admit that on December 20, 2016, President Obama issued the Memorandum on Withdrawal of Certain Areas off the Atlantic Coast on the Outer Continental Shelf from Mineral Leasing and the Memorandum on Withdrawal of Certain Portions of the United States Arctic Outer Continental Shelf from Mineral Leasing. The Defendants deny the remaining paragraphs as characterizations of these two memoranda, which speak for themselves and are the best evidence of their contents.

48. Defendants admit that on December 20, 2016, President Obama issued the

FEDERAL DEFENDANTS' ANSWER TO COMPLAINT
*League of Conservation Voters et al. v. Trump et al.,* Case No. 3:17-cv-00101- SLG  13

Case 3:17-cv-00101-SLG   Document 49   Filed 05/11/18   Page 13 of 17

Memorandum on Withdrawal of Certain Areas off the Atlantic Coast on the Outer Continental Shelf from Mineral Leasing and the Memorandum on Withdrawal of Certain Portions of the United States Arctic Outer Continental Shelf from Mineral Leasing. The Defendants deny the remaining paragraphs as characterizations of these two memoranda, which speak for themselves and are the best evidence of their contents.

49. Paragraph 49 constitutes Plaintiffs' characterization of two official statements by the former Secretary of the Interior and Director of the Bureau of Ocean Energy Management. These official statements speak for themselves and are the best evidence of their contents. Defendants deny the allegations to the extent they are inconsistent with the official statements.

50. The allegations in Paragraph 50 are characterizations of the White House fact sheet, which speaks for itself and is the best evidence of its contents. Defendants deny the allegations to the extent they are inconsistent with the fact sheet.

51. The allegations in Paragraph 51 summarizes the Presidential Memorandum issued on December 20, 2106, "Withdrawal of Certain Areas off the Atlantic Coast on the Outer Continental Shelf from Mineral Leasing" and the related White House fact sheet. These documents speak for themselves and are the best evidence of its contents. Defendants deny the allegations to the extent they are inconsistent with President Obama's proclamation, memorandum, and related White House fact sheet.

52. The allegations in Paragraph 52 are characterizations of the White House fact sheet, which speaks for itself and is the best evidence of its contents. Defendants deny the allegations to the extent they are inconsistent with the fact sheet.

FEDERAL DEFENDANTS' ANSWER TO COMPLAINT
*League of Conservation Voters et al. v. Trump et al.,* Case No. 3:17-cv-00101- SLG            14

Case 3:17-cv-00101-SLG   Document 49   Filed 05/11/18   Page 14 of 17

### VII. President Trump's Executive Order

53. Defendants admit that on April 28, 2017 President Donald J. Trump issued Executive Order No. 13795, titled the Executive Order Implementing an American-First Offshore Energy Strategy. Defendants deny the rest of the allegations in Paragraph 53 as Plaintiffs' characterization of that Executive Order, which speaks for itself and is the best evidence of its contents. To the extent the allegations purport to reference NOAA guidance on assessing the effects of sound on marine mammals, that document speaks for itself and is the best evidence of its content.

54. Defendants admit that on May 1, 2017, Secretary Ryan Zinke signed Secretarial Order No. 3350, America-First Offshore Energy Strategy. Defendants deny the remaining allegations in Paragraph 54 as a characterization of that Secretarial Order, which speaks for itself and is the best evidence of its contents.

## RESPONSE TO CLAIMS FOR RELIEF

## RESPONSE TO FIRST CLAIM FOR RELIEF
**(Constitutional Violation)**

55. Defendants incorporate by reference their responses to each and every allegation as set forth in this Answer by reference.

56. Defendants deny the allegations of Paragraph 56.

57. Paragraph 57 purports to characterize the Property Clause of the U.S. Constitution, which speaks for itself and is the best evidence of its contents. The Defendants deny the allegations to the extent they are inconsistent with the Property Clause.

58. Paragraph 58 purports to characterize OCSLA Section 12(a), 43 U.S.C. § 1341(a), which speaks for itself and is the best evidence of its contents. The Defendants deny the allegations.

59. Defendants deny the allegations of Paragraph 59.

FEDERAL DEFENDANTS' ANSWER TO COMPLAINT
*League of Conservation Voters et al. v. Trump et al.,* Case No. 3:17-cv-00101- SLG   15

Case 3:17-cv-00101-SLG   Document 49   Filed 05/11/18   Page 15 of 17

60. Defendants deny the allegations of Paragraph 60.

61. Defendants deny the allegations of Paragraph 61.

## RESPONSE TO SECOND CLAIM FOR RELIEF
### (Statutorily *ultra vires* action)

62. Defendants incorporate by reference their responses to each and every allegation as set forth in this Answer by reference.

63. Defendants deny the allegations of Paragraph 63.

64. Defendants deny the allegations of Paragraph 64.

65. Defendants deny the allegations of Paragraph 65.

66. Defendants deny the allegations of Paragraph 66.

## RESPONSE TO PRAYER FOR RELIEF

The remaining paragraphs of Plaintiffs' Complaint set forth Plaintiffs' requests for relief and do not require a response. To the extent that a response is required, Defendants deny that Plaintiffs are entitled to any relief.

## GENERAL DENIAL

Defendants deny any allegations of the Complaint, express or implied, that are not expressly admitted, denied, or qualified herein.

## AFFIRMATIVE DEFENSES

1. This Court lacks subject matter jurisdiction.

2. Plaintiffs' lack standing to assert the claims.

3. The Complaint fails in whole or in part to state a claim upon which relief can be granted.

FEDERAL DEFENDANTS' ANSWER TO COMPLAINT
*League of Conservation Voters et al. v. Trump et al.,* Case No. 3:17-cv-00101- SLG      16

Case 3:17-cv-00101-SLG   Document 49   Filed 05/11/18   Page 16 of 17

4. Defendants reserve the right to assert such affirmative defenses that may appear applicable during the course of this litigation.

Wherefore, Defendants request that this action be dismissed with prejudice, that judgment be entered for Defendants, and that the Court order such other and further relief as the Court deems appropriate.

Respectfully submitted this 12th day of May, 2018.

>JEFFREY H. WOOD
>Acting Assistant Attorney General
>United States Department of Justice
>Environment and Natural Resources Div.
>
>_____/s/_____
>SARAH D. HIMMELHOCH
>601 D Street NW Suite 6816
>P.O. Box 7611
>Washington, DC 20044-7611
>202-514-0180
>sarah.himmelhoch@usdoj.gov
>
>*Counsel for Federal Defendants*

FEDERAL DEFENDANTS' ANSWER TO COMPLAINT
*League of Conservation Voters et al. v. Trump et al.,* Case No. 3:17-cv-00101- SLG         17

Case 3:17-cv-00101-SLG   Document 49   Filed 05/11/18   Page 17 of 17