

United States Department of the Interior
BUREAU OF OCEAN ENERGY MANAGEMENT
Gulf of Mexico OCS Region
1201 Elmwood Park Boulevard
New Orleans, LA 70123-2394

In Reply Refer To: GM333C

**CERTIFIED MAIL – RETURN RECEIPT REQUESTED**      JAN 0 6 2017

CGG Services (US), Inc.
Attn: Mr. Whitehead
10300 Town Park
Houston, TX 77072

RE: Bureau of Ocean Energy Management Permit Application: E14-005

Dear Mr. Whitehead:

Pursuant to the authority granted to the Bureau of Ocean Energy Management (the "Bureau") under section 11 of the Outer Continental Shelf Lands Act (OCSLA), and the accompanying regulations, the Bureau hereby denies your permit application number E14-005.

As outlined in the attached memorandum from the Director, the Bureau recognizes that new seismic data has benefits to both industry and the federal government in considering any oil and gas activity in the region. However, the Bureau has determined that even allowing the *possibility* of impacts to the environment and existing uses in the Atlantic from airgun seismic surveys – even with the most stringent mitigations being implemented – is unnecessary at this time because:

i. The Secretary decided to remove the Atlantic planning areas from any leasing in the 2017-2022 Five Year Program and there is no immediate need for new geophysical and geophysical (G&G) data from seismic airgun surveys to inform pending decisions;

ii. The G&G data to be acquired could become outdated if the Atlantic is offered for oil and gas leasing activities too far into the future, as is the case now with the G&G data currently available;

iii. Developments in technology might allow for the use of lower impact airguns or other seismic instruments that do not have the potential for the level of impacts on the environment from currently proposed airgun surveys; and

iv. Although the mitigation measures included in the Atlantic G&G Programmatic Environmental Impact Statement may be adequate for purposes of minimizing the level of impacts that airguns could cause on the environment (e.g., North Atlantic Right Whale and other species), there is no certainty that in all cases those mitigation measures will avoid all potential impacts. Allowing the *possibility* of high intensity impacts from

airguns, even if only possible in a nominal number of instances, is unnecessary given the lack of immediate need for acquiring oil and gas G&G data at this time.

In light of the reasons for the denial, there are no changes that the applicant could make to change the Bureau's determination and obtain approval. Pursuant 30 C.F.R. 551.10(c), any appeal of this decision shall be made in accordance with 30 C.F.R. part 590.

Sincerely,

*[signature]*

Michael A. Celata
Regional Director
Gulf of Mexico Region

Enclosure



**United States Department of the Interior**

BUREAU OF OCEAN ENERGY MANAGEMENT
Gulf of Mexico OCS Region
1201 Elmwood Park Boulevard
New Orleans, LA 70123-2394

PUBLIC

In Reply Refer To: GM333C

**CERTIFIED MAIL – RETURN RECEIPT REQUESTED**　　　　JAN 0 6 2017

Ion/GX Technology Corporation
Attn: Mr. Virobik
2105 City West Boulevard, Suite 900
Houston, TX 77042

RE: Bureau of Ocean Energy Management Permit Application: E14-003

Dear Mr. Virobik:

Pursuant to the authority granted to the Bureau of Ocean Energy Management (the "Bureau") under section 11 of the Outer Continental Shelf Lands Act (OCSLA), and the accompanying regulations, the Bureau hereby denies your permit application number E14-003.

As outlined in the attached memorandum from the Director, the Bureau recognizes that new seismic data has benefits to both industry and the federal government in considering any oil and gas activity in the region. However, the Bureau has determined that even allowing the *possibility* of impacts to the environment and existing uses in the Atlantic from airgun seismic surveys – even with the most stringent mitigations being implemented – is unnecessary at this time because:

   i.   The Secretary decided to remove the Atlantic planning areas from any leasing in the 2017-2022 Five Year Program and there is no immediate need for new geophysical and geophysical (G&G) data from seismic airgun surveys to inform pending decisions;

   ii.  The G&G data to be acquired could become outdated if the Atlantic is offered for oil and gas leasing activities too far into the future, as is the case now with the G&G data currently available;

   iii. Developments in technology might allow for the use of lower impact airguns or other seismic instruments that do not have the potential for the level of impacts on the environment from currently proposed airgun surveys; and

   iv.  Although the mitigation measures included in the Atlantic G&G Programmatic Environmental Impact Statement may be adequate for purposes of minimizing the level of impacts that airguns could cause on the environment (e.g., North Atlantic Right Whale and other species), there is no certainty that in all cases those mitigation measures will avoid all potential impacts. Allowing the *possibility* of high intensity impacts from

airguns, even if only possible in a nominal number of instances, is unnecessary given the lack of immediate need for acquiring oil and gas G&G data at this time.

In light of the reasons for the denial, there are no changes that the applicant could make to change the Bureau's determination and obtain approval. Pursuant 30 C.F.R. 551.10(c), any appeal of this decision shall be made in accordance with 30 C.F.R. part 590.

Sincerely,

*[signature]*

Michael A. Celata
Regional Director
Gulf of Mexico Region

Enclosure



United States Department of the Interior

BUREAU OF OCEAN ENERGY MANAGEMENT
Gulf of Mexico OCS Region
1201 Elmwood Park Boulevard
New Orleans, LA 70123-2394

PUBLIC

In Reply Refer To: GM333C

**CERTIFIED MAIL – RETURN RECEIPT REQUESTED**     JAN 0 6 2017

MultiKlient Invest AS
Attn: Mr. Marrow
15150 Memorial Drive
Houston, TX 77079

RE: Bureau of Ocean Energy Management Permit Application: E14-007

Dear Mr. Morrow:

Pursuant to the authority granted to the Bureau of Ocean Energy Management (the "Bureau") under section 11 of the Outer Continental Shelf Lands Act (OCSLA), and the accompanying regulations, the Bureau hereby denies your permit application number E14-007.

As outlined in the attached memorandum from the Director, the Bureau recognizes that new seismic data has benefits to both industry and the federal government in considering any oil and gas activity in the region. However, the Bureau has determined that even allowing the *possibility* of impacts to the environment and existing uses in the Atlantic from airgun seismic surveys – even with the most stringent mitigations being implemented – is unnecessary at this time because:

i. The Secretary decided to remove the Atlantic planning areas from any leasing in the 2017-2022 Five Year Program and there is no immediate need for new geophysical and geophysical (G&G) data from seismic airgun surveys to inform pending decisions;

ii. The G&G data to be acquired could become outdated if the Atlantic is offered for oil and gas leasing activities too far into the future, as is the case now with the G&G data currently available;

iii. Developments in technology might allow for the use of lower impact airguns or other seismic instruments that do not have the potential for the level of impacts on the environment from currently proposed airgun surveys; and

iv. Although the mitigation measures included in the Atlantic G&G Programmatic Environmental Impact Statement may be adequate for purposes of minimizing the level of impacts that airguns could cause on the environment (e.g., North Atlantic Right Whale and other species), there is no certainty that in all cases those mitigation measures will avoid all potential impacts. Allowing the *possibility* of high intensity impacts from

airguns, even if only possible in a nominal number of instances, is unnecessary given the lack of immediate need for acquiring oil and gas G&G data at this time.

In light of the reasons for the denial, there are no changes that the applicant could make to change the Bureau's determination and obtain approval. Pursuant 30 C.F.R. 551.10(c), any appeal of this decision shall be made in accordance with 30 C.F.R. part 590.

Sincerely,

Michael A. Celata
Regional Director
Gulf of Mexico Region

Enclosure



United States Department of the Interior

BUREAU OF OCEAN ENERGY MANAGEMENT
Gulf of Mexico OCS Region
1201 Elmwood Park Boulevard
New Orleans, LA 70123-2394

In Reply Refer To: GM333C

**CERTIFIED MAIL – RETURN RECEIPT REQUESTED**

JAN 0 6 2017

Spectrum Geo, Inc.
Attn: Mr. Miller
11750 Katy Freeway, Suite 900
Houston, TX 77079

RE: Bureau of Ocean Energy Management Permit Application: E14-006

Dear Mr. Miller:

Pursuant to the authority granted to the Bureau of Ocean Energy Management (the "Bureau") under section 11 of the Outer Continental Shelf Lands Act (OCSLA), and the accompanying regulations, the Bureau hereby denies your permit application number E14-006.

As outlined in the attached memorandum from the Director, the Bureau recognizes that new seismic data has benefits to both industry and the federal government in considering any oil and gas activity in the region. However, the Bureau has determined that even allowing the *possibility* of impacts to the environment and existing uses in the Atlantic from airgun seismic surveys – even with the most stringent mitigations being implemented – is unnecessary at this time because:

i. The Secretary decided to remove the Atlantic planning areas from any leasing in the 2017-2022 Five Year Program and there is no immediate need for new geophysical and geophysical (G&G) data from seismic airgun surveys to inform pending decisions;

ii. The G&G data to be acquired could become outdated if the Atlantic is offered for oil and gas leasing activities too far into the future, as is the case now with the G&G data currently available;

iii. Developments in technology might allow for the use of lower impact airguns or other seismic instruments that do not have the potential for the level of impacts on the environment from currently proposed airgun surveys; and

iv. Although the mitigation measures included in the Atlantic G&G Programmatic Environmental Impact Statement may be adequate for purposes of minimizing the level of impacts that airguns could cause on the environment (e.g., North Atlantic Right Whale and other species), there is no certainty that in all cases those mitigation measures will avoid all potential impacts. Allowing the *possibility* of high intensity impacts from

airguns, even if only possible in a nominal number of instances, is unnecessary given the lack of immediate need for acquiring oil and gas G&G data at this time.

In light of the reasons for the denial, there are no changes that the applicant could make to change the Bureau's determination and obtain approval. Pursuant 30 C.F.R. 551.10(c), any appeal of this decision shall be made in accordance with 30 C.F.R. part 590.

Sincerely,

Michael A. Celata
Regional Director
Gulf of Mexico Region

Enclosure



United States Department of the Interior

BUREAU OF OCEAN ENERGY MANAGEMENT
Gulf of Mexico OCS Region
1201 Elmwood Park Boulevard
New Orleans, LA 70123-2394

**PUBLIC**

In Reply Refer To: GM333C

**CERTIFIED MAIL – RETURN RECEIPT REQUESTED**

JAN 0 6 2017

TGS
Attn: Asif Ali
10451 Clay Road
Houston, TX 77043

RE: Bureau of Ocean Energy Management Permit Application: E14-001

Dear Mr. Ali:

Pursuant to the authority granted to the Bureau of Ocean Energy Management (the "Bureau") under section 11 of the Outer Continental Shelf Lands Act (OCSLA), and the accompanying regulations, the Bureau hereby denies your permit application number E14-001.

As outlined in the attached memorandum from the Director, the Bureau recognizes that new seismic data has benefits to both industry and the federal government in considering any oil and gas activity in the region. However, the Bureau has determined that even allowing the *possibility* of impacts to the environment and existing uses in the Atlantic from airgun seismic surveys – even with the most stringent mitigations being implemented – is unnecessary at this time because:

i. The Secretary decided to remove the Atlantic planning areas from any leasing in the 2017-2022 Five Year Program and there is no immediate need for new geophysical and geophysical (G&G) data from seismic airgun surveys to inform pending decisions;

ii. The G&G data to be acquired could become outdated if the Atlantic is offered for oil and gas leasing activities too far into the future, as is the case now with the G&G data currently available;

iii. Developments in technology might allow for the use of lower impact airguns or other seismic instruments that do not have the potential for the level of impacts on the environment from currently proposed airgun surveys; and

iv. Although the mitigation measures included in the Atlantic G&G Programmatic Environmental Impact Statement may be adequate for purposes of minimizing the level of impacts that airguns could cause on the environment (e.g., North Atlantic Right Whale and other species), there is no certainty that in all cases those mitigation measures will avoid all potential impacts. Allowing the *possibility* of high intensity impacts from

airguns, even if only possible in a nominal number of instances, is unnecessary given the lack of immediate need for acquiring oil and gas G&G data at this time.

In light of the reasons for the denial, there are no changes that the applicant could make to change the Bureau's determination and obtain approval. Pursuant 30 C.F.R. 551.10(c), any appeal of this decision shall be made in accordance with 30 C.F.R. part 590.

Sincerely,

Michael A. Celata
Regional Director
Gulf of Mexico Region

Enclosure



**United States Department of the Interior**

BUREAU OF OCEAN ENERGY MANAGEMENT
Gulf of Mexico OCS Region
1201 Elmwood Park Boulevard
New Orleans, LA 70123-2394

PUBLIC

In Reply Refer To: GM333C

**CERTIFIED MAIL – RETURN RECEIPT REQUESTED**          JAN 0 6 2017

WesternGeco LLC
Attn: Mr. Mayville
10001 Richmond Avenue
Houston, TX 77042

RE: Bureau of Ocean Energy Management Permit Application: E14-004

Dear Mr. Mayville:

Pursuant to the authority granted to the Bureau of Ocean Energy Management (the "Bureau") under section 11 of the Outer Continental Shelf Lands Act (OCSLA), and the accompanying regulations, the Bureau hereby denies your permit application number E14-004.

As outlined in the attached memorandum from the Director, the Bureau recognizes that new seismic data has benefits to both industry and the federal government in considering any oil and gas activity in the region. However, the Bureau has determined that even allowing the *possibility* of impacts to the environment and existing uses in the Atlantic from airgun seismic surveys – even with the most stringent mitigations being implemented – is unnecessary at this time because:

 i. The Secretary decided to remove the Atlantic planning areas from any leasing in the 2017-2022 Five Year Program and there is no immediate need for new geophysical and geophysical (G&G) data from seismic airgun surveys to inform pending decisions;

 ii. The G&G data to be acquired could become outdated if the Atlantic is offered for oil and gas leasing activities too far into the future, as is the case now with the G&G data currently available;

 iii. Developments in technology might allow for the use of lower impact airguns or other seismic instruments that do not have the potential for the level of impacts on the environment from currently proposed airgun surveys; and

 iv. Although the mitigation measures included in the Atlantic G&G Programmatic Environmental Impact Statement may be adequate for purposes of minimizing the level of impacts that airguns could cause on the environment (e.g., North Atlantic Right Whale and other species), there is no certainty that in all cases those mitigation measures will avoid all potential impacts. Allowing the *possibility* of high intensity impacts from

airguns, even if only possible in a nominal number of instances, is unnecessary given the lack of immediate need for acquiring oil and gas G&G data at this time.

In light of the reasons for the denial, there are no changes that the applicant could make to change the Bureau's determination and obtain approval. Pursuant 30 C.F.R. 551.10(c), any appeal of this decision shall be made in accordance with 30 C.F.R. part 590.

Sincerely,

*[signature]*

Michael A. Celata
Regional Director
Gulf of Mexico Region

Enclosure