**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

APR 13 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| LEAGUE OF CONSERVATION VOTERS; et al., <br><br> Plaintiffs-Appellees, <br><br> v. <br><br> JOSEPH R. BIDEN, in his official capacity as President of the United States; et al., <br><br> Defendants-Appellants, <br><br> and <br><br> AMERICAN PETROLEUM INSTITUTE; STATE OF ALASKA, <br><br> Intervenor-Defendants. | No. 19-35460 <br><br> D.C. No. 3:17-cv-00101-SLG <br><br><br> ORDER |
| LEAGUE OF CONSERVATION VOTERS; et al., <br><br> Plaintiffs-Appellees, <br><br> v. <br><br> JOSEPH R. BIDEN, in his official capacity as President of the United States; et al., | No. 19-35461 <br><br> D.C. No. 3:17-cv-00101-SLG |

    Defendants,

STATE OF ALASKA,

    Intervenor-Defendant,

 and

AMERICAN PETROLEUM INSTITUTE,

    Intervenor-Defendant-
    Appellant.

---

LEAGUE OF CONSERVATION VOTERS; et al.,

    Plaintiffs-Appellees,

v.

JOSEPH R. BIDEN, in his official capacity as President of the United States; et al.,

    Defendants,

AMERICAN PETROLEUM INSTITUTE,

    Intervenor-Defendant,

 and

STATE OF ALASKA,

    Intervenor-Defendant-

No. 19-35462

D.C. No. 3:17-cv-00101-SLG

2

Appellant.

Appeal from the United States District Court
for the District of Alaska
Sharon L. Gleason, District Judge, Presiding

Argued and Submitted June 5, 2020
Anchorage, Alaska

Before: CHRISTEN, WATFORD, and BADE, Circuit Judges.

Federal Appellants and Intervenor-Appellants appeal the district court's order granting summary judgment in favor of Appellees. This appeal concerns the President's authority, conferred by the Outer Continental Shelf Lands Act (OCSLA), to return to disposition lands on the Outer Continental Shelf (OCS) that were previously withdrawn from exploration and development activities. Specifically, Appellees' filed suit challenging President's Trump's Executive Order No. 13795 that purported to rescind President Obama's previous withdrawals of certain areas of the OCS in the Chukchi Sea, Beaufort Sea, and Atlantic Ocean.

On January 20, 2021, President Biden issued Executive Order No. 13990 that, among other things, purported to exercise President Biden's authority pursuant to Section 12(a) of OCSLA, 43 U.S.C. 1341(a), to reinstate President Obama's withdrawals. President Biden's Executive Order also revoked President

3

Trump's Executive Order that formed the basis of this controversy. We ordered the parties to submit supplemental briefs regarding the impact of President Biden's Executive Order on these appeals. The parties argue President Biden's revocation of President Trump's Executive Order rendered these appeals moot. We agree.

We lack jurisdiction to consider "moot questions . . . or to declare principles or rules of law which cannot affect the matter in issue in the case before [us]." *Church of Scientology of Cal. v. United States*, 506 U.S. 9, 12 (1992) (quoting *Mills v. Green*, 159 U.S. 651, 653 (1895)). "A case becomes moot—and therefore no longer a 'Case' or 'Controversy' for purposes of Article III—'when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome.'" *Already, LLC v. Nike, Inc.*, 568 U.S. 85, 91 (2013).

Because the terms of the challenged Executive Order are no longer in effect, the relevant areas of the OCS in the Chukchi Sea, Beaufort Sea, and Atlantic Ocean will be withdrawn from exploration and development activities regardless of the outcome of these appeals. *See Trump v. Hawaii*, 138 S. Ct. 377 (2017) (holding the appeal was moot because provisions of the challenged executive order "expired by [their] own terms"); *See also Serv. Employees Int'l Union v. Nat'l Union of Healthcare Workers*, 598 F.3d 1061, 1068 (9th Cir. 2010) ("The test for

4

mootness of an appeal is whether the appellate court can give the appellant any effective relief in the event that it decides the matter on the merits in his favor.").

Accordingly, we vacate the judgment of the district court and remand with instructions to dismiss the case without prejudice. *See United States v. Munsingwear*, 340 U.S. 36, 39 (1950).[1]  This order shall serve as the mandate for this case. Each party shall bear its own costs.

**VACATED; REMANDED**

---

[1] The Chamber of Commerce of the United States' motion for leave to file brief as amicus curiae, ECF 16, is DENIED as moot.