George Lyle (AK Bar No. 8411126)
Guess & Rudd P.C.
1029 W. 3rd Ave., Suite 400
Anchorage, AK 99501
Tel: (907) 793-2200
Fax: (907) 793-2299
glyle@guessrudd.com

Steven J. Rosenbaum (D.C. Bar No. 331728)
  (*Pro hac vice*)
Bradley K. Ervin (D.C. Bar No. 982559)
  (*Pro hac vice*)
COVINGTON & BURLING LLP
One CityCenter
850 Tenth St. N.W.
Washington, D.C. 20001
Tel: (202) 662-5568
Fax: (202) 778-5568
srosenbaum@cov.com
bervin@cov.com

*Attorneys for Intervenor-Defendant American
Petroleum Institute*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| LEAGUE OF CONSERVATION VOTERS, *et al.*,<br><br>     *Plaintiffs*,<br><br>  v.<br><br>DONALD J. TRUMP, *et al.*,<br><br>     *Defendants*. | No. 3:17-cv-00101 (SLG) |

## AMERICAN PETROLEUM INSTITUTE'S OPPOSITION TO PLAINTIFFS' RULE 60(b)(6) MOTION

# TABLE OF CONTENTS

INTRODUCTION ........................................................................................................ 1

BACKGROUND ........................................................................................................ 3

    A.    Litigation Challenging Executive Order 13795. ........................................ 3

    B.    Subsequent Executive Action Regarding Offshore Leasing Withdrawals. ....................................................................................... 6

ARGUMENT ........................................................................................................... 8

I.    Plaintiffs' Challenge To The 2017 Trump EO Remains Moot. .............................. 8

II.    Plaintiffs Have Not Demonstrated An Entitlement To Extraordinary Relief Under Rule 60(b)(6). ..................................................... 12

III.    Reinstatement Of This Court's Summary Judgment Decision Is Inconsistent With The Ninth Circuit's Mandate. ....................................... 16

CONCLUSION ...................................................................................................... 19

API Opposition to Rule 60(b)(6) Motion
*League of Conservation Voters, et al., v. Trump, et al.,* No. 3:17-cv-00101 (SLG)

## TABLE OF AUTHORITIES

**Cases**

Ackermann v. United States,
    340 U.S. 193 (1950) ............................................................................................ 16

Adasa Inc. v. Avery Dennison Corp.,
    715 F. Supp. 3d 1326 (D. Or. 2024) ................................................................. 19

Aluminum Co. of Am. v. Bonneville Power Admin.,
    56 F.3d 1075 (9th Cir. 1995) ............................................................................ 10

Am. Rivers v. Nat'l Marine Fisheries Serv.,
    126 F.3d 1118 (9th Cir. 1997) ................................................................. 8, 10, 11

Bynoe v. Baca,
    966 F.3d 972 (9th Cir. 2020) ..................................................................... 14, 15

Caldwell v. Puget Sound Elec. Apprenticeship & Training Trust,
    824 F.2d 785 (9th Cir. 1987) ............................................................................ 17

Delay v. Gordon,
    475 F.3d 1039 (9th Cir. 2007) .......................................................................... 12

Gould v. Mutual Life Ins. Co. of N.Y.,
    790 F.2d 769 (9th Cir. 1986) ............................................................................ 18

Hawaii Cnty. Green Party v. Clinton,
    124 F. Supp. 2d 1173 (D. Haw. 2000) ....................................................... 13, 14

Hongsermeier v. Comm'r of Internal Revenue,
    621 F.3d 890 (9th Cir. 2010) ............................................................................ 17

In re Pacific Far East Lines, Inc.,
    889 F.2d 242 (9th Cir. 1988) ..................................................................... 15, 16

In re Sanford Fork & Tool Co.,
    160 U.S. 247 (1895) ................................................................................... 17, 18

Keeling v. Sheet Metal Workers Int'l Ass'n, Local Union 162,
    937 F.2d 408 (9th Cir. 1991) ............................................................................ 16

League of Conservation Voters,
    No. 19-35460 (9th Cir.) ............................... 1, 3, 5, 6, 9, 11, 14, 16, 17, 18, 19

N. Alaska Envtl. Ctr., et al. v. Trump,
    No. 25-cv-00038 (D. Ak.) ................................................................. 1, 8, 11, 12

NASD Disp. Resol., Inc. v. Jud. Council of Cal.,
    488 F.3d 1065 (9th Cir. 2007) ................................................................. 6, 11, 14

API Opposition to Rule 60(b)(6) Motion
*League of Conservation Voters, et al., v. Trump, et al.*, No. 3:17-cv-00101 (SLG)

*Nome Eskimo Community v. Babbitt*,
    67 F.3d 813 (9th Cir. 1995) ............................................................... 8

*Rubicon Global Ventures, Inc. v. Chonqing Zongshen Grp. Import/Export Corp.*,
    757 F. App'x 531 (9th Cir. 2018) ............................................. 17, 19

*Standard Oil Co. of Cal. v. United States*,
    429 U.S. 17 (1976) .......................................................................... 18

*United States v. Alaska S.S. Co.*,
    253 U.S. 113 (1920) .......................................................................... 8

*United States v. Alpine Land & Reservoir Co.*,
    984 F.2d 1047 (9th Cir. 1993) ........................................................ 12

*United States v. Kellington*,
    217 F.3d 1084 (9th Cir. 2000) ........................................................ 17

*United States v. Munsingwear, Inc.*,
    340 U.S. 36 (1950) ........................................................................ 5, 6

*United States v. Real Property*,
    164 F.R.D. 496 (C.D. Cal. 1995) .................................................... 12

*Venoco, LLC v. Plains Pipeline, LP*,
    No. 21-cv-55193, 2022 WL 1090947 (9th Cir. April 12, 2022) ................. 15

## Statutes

43 U.S.C. § 1331 ..................................................................................... 1

43 U.S.C. § 1341(a) ..............................................................2, 3, 4, 7, 8, 9, 13, 14

## Other Authorities

82 Fed. Reg. 20,815 (May 3, 2017)......................................................... 4

86 Fed. Reg. 7,037 (Jan. 20, 2021)...............................................5, 6, 9, 11

90 Fed. Reg. 8,237 (Jan. 20, 2025).................................................... 7, 9

iii

API Opposition to Rule 60(b)(6) Motion
*League of Conservation Voters, et al., v. Trump, et al.,* No. 3:17-cv-00101 (SLG)
Case 3:17-cv-00101-SLG    Document 110    Filed 04/04/25    Page 4 of 25

# INTRODUCTION

On April 13, 2021, the Ninth Circuit determined that Plaintiffs' challenge to a 2017 Executive Order expanding offshore oil and gas leasing issued by President Trump was mooted by a subsequent Executive Order issued by President Biden revoking the 2017 Order and restricting offshore oil and gas leasing. *See League of Conservation Voters*, No. 19-35460 (9th Cir.), Order (Dkt. No. 110) at 3–4. The Ninth Circuit accordingly "vacate[d] the judgment" of this Court granting summary judgment to Plaintiffs on their claim that President Trump's 2017 Executive Order exceeded the President's statutory authority under the Outer Continental Shelf Lands Act ("OCSLA"), 43 U.S.C. §§ 1331, *et seq*. *See id*. at 5. The Ninth Circuit further "remand[ed]" the matter to this Court "with instructions to dismiss the case without prejudice." *Id*. This Court dismissed the case without prejudice on April 16, 2021. *See* Order of Dismissal (Dkt. No. 96).

Since then, much has changed. Following this Court's dismissal, President Biden further restricted offshore oil and gas leasing through a series of presidential memoranda invoking OCSLA; another presidential election returned President Trump to office; and President Trump then issued a separate Executive Order revoking his predecessors' restrictions on offshore oil and gas leasing. *See infra* pp. 6–8. In response, nearly all of the Plaintiffs in this case filed a new lawsuit challenging President Trump's most recent Executive Order, raising claims that the Order exceeds the president's authority under OCSLA that mirror their challenge to President Trump's 2017 Executive Order. *See N. Alaska Envtl. Ctr., et al. v. Trump*, No. 25-cv-00038 (D. Ak.), Compl. (Dkt. No. 1).

1

API Opposition to Rule 60(b)(6) Motion
*League of Conservation Voters, et al., v. Trump, et al.,* No. 3:17-cv-00101 (SLG)
Case 3:17-cv-00101-SLG    Document 110    Filed 04/04/25    Page 5 of 25

Following these multiple layers of superseding executive actions stemming from changes in national oil and gas leasing policy, Plaintiffs filed a Rule 60(b)(6) Motion asking this Court to "set aside its dismissal of this case as moot . . ., and reinstate its order and judgment" regarding the Executive Order issued by President Trump in 2017. *See* Pls.' Rule 60(b)(6) Mot. (Dkt. No. 99) at 1. Plaintiffs' Motion misunderstands the status of that Executive Order and misapplies the governing law in three fundamental respects.

*First*, the dispute over President Trump's statutory authority to issue the 2017 Executive Order remains moot because that Order was (foreseeably) superseded by multiple intervening executive actions invoking the same statutory provision, 43 U.S.C. § 1341(a) ("Section 1341(a)"), and Plaintiffs never invoked any exception to mootness. Here, those superseding actions are the subsequent executive actions by President Biden and the recent Executive Order issued by President Trump in 2025, which Plaintiffs have already challenged by separate suit in this Court.

*Second*, extraordinary post-judgment relief is not available in the circumstances presented by Plaintiffs' Motion. Federal Rule of Civil Procedure 60(b)(6) authorizes a district court to grant relief only in extraordinary circumstances. Plaintiffs have not demonstrated such circumstances to justify the unprecedented relief they seek in requesting reinstatement of a 2019 summary judgment decision vacated by the Ninth Circuit in 2021. Plaintiffs have not shown that the Ninth Circuit's mootness determination and vacatur order were erroneous. Nor have Plaintiffs otherwise demonstrated an entitlement to extraordinary relief where there has been no intervening change in law favorable to

API Opposition to Rule 60(b)(6) Motion
*League of Conservation Voters, et al., v. Trump, et al.,* No. 3:17-cv-00101 (SLG)
Case 3:17-cv-00101-SLG    Document 110    Filed 04/04/25    Page 6 of 25

Plaintiffs governing the disposition of the case, simply a post-judgment change in executive policy following a national election.

*Finally*, Plaintiffs' request for relief ignores the different roles played by the Ninth Circuit and this Court in disposing of the case. The Ninth Circuit, not this Court, determined that the controversy over President Trump's 2017 Executive Order had become moot and vacated the summary judgment. *See League of Conservation Voters*, No. 19-35460, Order (Dkt. No. 110) at 3–5. On remand, the Ninth Circuit instructed this Court only to dismiss the case without prejudice. *Id*. at 5. Under the appellate mandate rule, this Court's authority is limited by, and cannot be inconsistent with, the scope of the Ninth Circuit's remand. Accordingly, this Court does not have the authority to reverse the Ninth Circuit's mootness determination and reinstate a judgment that the Ninth Circuit vacated.

Because Plaintiffs misapprehend the posture of this case, identify no precedent for reinstating a judgment that was dismissed as moot four years ago, and fail to carry their burden of demonstrating an entitlement to the extraordinary (and unprecedented) relief requested, the Rule 60(b)(6) Motion should be denied.

## BACKGROUND

### A.     Litigation Challenging Executive Order 13795.

On December 20, 2016 and January 27, 2015, President Obama purported to use his authority under OCSLA Section 1341(a) to "withdraw from disposition by leasing for a time period without specific expiration" certain areas of the Alaska and Atlantic outer continental shelf ("OCS"). *See* Presidential Memorandum – Withdrawal of Certain Areas of the United States Outer Continental Shelf Offshore Alaska from Leasing Disposition

3

API Opposition to Rule 60(b)(6) Motion
*League of Conservation Voters, et al., v. Trump, et al.,* No. 3:17-cv-00101 (SLG)
Case 3:17-cv-00101-SLG     Document 110     Filed 04/04/25     Page 7 of 25

(Jan. 27, 2015) (last visited Mar. 28, 2025); Presidential Memorandum – Withdrawal of Certain Areas off the Atlantic Coast on the Outer Continental Shelf from Mineral Leasing (Dec. 20, 2016) (last visited Mar. 28, 2025).  On April 28, 2017, President Trump issued Executive Order 13795 (the "2017 Trump EO") to "strengthen[] the Nation's security and reduce[] reliance on imported energy."  82 Fed. Reg. 20,815, 20,815, § 1 (May 3, 2017).  Among other things, Section 5 of the 2017 Trump EO revoked President Obama's withdrawals by "modif[ying]" the withdrawal decisions to cover only "those areas of the [OCS] designated as of July 14, 2008, as Marine Sanctuaries."  *Id.* at 20,816, § 5.

On May 3, 2017, Plaintiffs filed this lawsuit challenging Section 5's revocation of President Obama's prior withdrawals as purportedly beyond the authority conferred upon the President by Section 1341(a).  *See* Compl. (Dkt. No. 1), ¶ 1.  Plaintiffs requested, *inter alia*, (1) a declaration that "Section 5 of President Trump's . . . executive order . . . is in excess of his statutory powers"; (2) a declaration that the Secretaries of Interior and Commerce "cannot lawfully implement Section 5"; and (3) an injunction to prevent "Defendants from complying with or relying in any way on Section 5."  *Id.*, Prayer for Relief, ¶¶ 1–4.  Federal Defendants, Intervenor-Defendant American Petroleum Institute ("API"), and Intervenor-Defendant State of Alaska defended the legality of that executive order and opposed that relief.

On March 30, 2019, this Court granted Plaintiffs' motion for summary judgment, concluding "that Section 5 of Executive Order 13795 is unlawful and invalid," and ordered that "Section 5 of Executive Order 13795 is hereby VACATED."  Opinion and Order (Dkt.

API Opposition to Rule 60(b)(6) Motion
*League of Conservation Voters, et al., v. Trump, et al.,* No. 3:17-cv-00101 (SLG)
Case 3:17-cv-00101-SLG   Document 110   Filed 04/04/25   Page 8 of 25

No. 80) at 32; *see also* Judgment (Dkt. No. 81). Federal Defendants, Intervenor-Defendant API, and Intervenor-Defendant State of Alaska timely noticed appeals of the judgment. On June 5, 2020, the Ninth Circuit held oral argument on the consolidated appeals.

President Biden was sworn in as President in January 2021. On January 20, 2021, before the Ninth Circuit issued a decision on the appeals, President Biden issued Executive Order 13990, "Protecting Public Health and the Environment and Restoring Science To Tackle the Climate Crisis." *See* 86 Fed. Reg. 7,037 (Jan. 20, 2021) (the "2021 Biden EO"). Among other things, the 2021 Biden EO "revoked" President Trump's "Executive Order 13795 of April 28, 2017." *Id.* at 7,041, § 7. On January 27, 2021, the Ninth Circuit directed the parties "to submit supplemental briefs regarding the impact of the January 20, 2021 Executive Order on these appeals." *League of Conservation Voters v. Biden*, No. 19-35460, Order (Dkt. No. 82).

The parties—including Plaintiffs—agreed that the 2021 Biden EO mooted the controversy in suit by revoking the 2017 Trump EO challenged by Plaintiffs. *See League of Conservation Voters v. Biden*, No. 19-35460, Fed. Defs.' Supp. Br. (Dkt. No. 88) at 3–9; *id.*, State of Alaska Supp. Br. (Dkt. No. 90) at 1–2; *id.*, Pls.' Supp. Br. (Dkt. No. 92) at 1–9; *id.*, API Supp. Br. (Dkt. No. 93-1) at 3–4. The parties further agreed that the Ninth Circuit should follow the established practice under *United States v. Munsingwear, Inc.*, 340 U.S. 36, 39 (1950), of vacating the lower court's judgment where a case becomes moot while on appeal. *See*, *e.g.*, *League of Conservation Voters v. Biden*, No. 19-35460, Fed. Defs.' Responsive Supp. Br. (Dkt. No. 101) at 1–2; *id.*, API Responsive Supp. Br. (Dkt.

API Opposition to Rule 60(b)(6) Motion
*League of Conservation Voters, et al., v. Trump, et al.*, No. 3:17-cv-00101 (SLG)

No. 102) at 1–2; *id.*, Pls.' Responsive Supp. Br. (Dkt. No. 105) at 2–3. Indeed, Plaintiffs indicated that they did not oppose the Ninth Circuit's vacatur of this Court's summary judgment decision both because *Munsingwear* applied to the intervenors' appeals, and, in Plaintiffs' view, this Court's decision would "'still be available and will still be citable for [its] persuasive weight' in future litigation, if any should occur." *Id.* at 3 (quoting *NASD Disp. Resol., Inc. v. Jud. Council of Cal.*, 488 F.3d 1065, 1069 (9th Cir. 2007)).

On April 13, 2021, the Ninth Circuit agreed with the parties that the 2021 Biden EO mooted the litigation because, among other things, "President Biden's Executive Order . . . revoked President Trump's Executive Order that formed the basis of this controversy." *League of Conservation Voters*, No. 19-35460, Order (Dkt. No. 110) at 3–4. The Ninth Circuit accordingly "vacate[d] the judgment of the district court and remand[ed] with instructions to dismiss the case without prejudice." *Id.* at 5 (citing *Munsingwear*, 340 U.S. at 39).

On remand, this Court duly "ORDERED that this action is DISMISSED without prejudice." Order of Dismissal (Dkt. No. 96) (April 16, 2021).

## B. Subsequent Executive Action Regarding Offshore Leasing Withdrawals.

In addition to revoking the 2017 Trump EO, in a separate section the 2021 Biden EO expressly "reinstated" the withdrawals made by President Obama in the Chukchi, Beaufort, and Northern Bering Seas in Alaska. *See* 86 Fed. Reg. at 7,039, § 4(b). As a result, the legal cause of purported withdrawals in those areas is the 2021 Biden EO, not the original

API Opposition to Rule 60(b)(6) Motion
*League of Conservation Voters, et al., v. Trump, et al.,* No. 3:17-cv-00101 (SLG)
Case 3:17-cv-00101-SLG    Document 110    Filed 04/04/25    Page 10 of 25

Obama actions.[1]  On the eve of leaving office, President Biden on January 6, 2025 issued two memoranda purporting permanently to "withdraw from disposition by oil or natural gas leasing" more than half a billion acres of offshore waters from Alaska to the Gulf Coast, including the entire Pacific coast, the entire Atlantic coast, the eastern portion of the Gulf, and additional portions of the Northern Bering Sea.  *See* [Memorandum on the Withdrawal of Certain Areas of the United States Outer Continental Shelf from Oil or Natural Gas Leasing | The White House](#) (last visited Mar. 28, 2025); [Memorandum on the Withdrawal of Certain Areas of the United States Outer Continental Shelf from Oil or Natural Gas Leasing | The White House](#) (last visited Mar. 28, 2025).  The memoranda expressly purport to prevent those vast withdrawn areas from ever being considered for "any future oil or natural gas leasing."  *Id*.

Following his victory in the 2024 presidential election and upon his inauguration, on January 20, 2025 President Trump issued Executive Order 14148 entitled "Initial Rescissions of Harmful Executive Orders and Actions" (the "2025 Trump EO").  *See* 90 Fed. Reg. 8,237 (Jan. 20, 2025).  That Executive Order "revoked" the 2021 Biden EO, *see id*. at 8,237, § 2(f), and President Biden's January 6, 2025 withdrawal memoranda, *see id*. at 8,240, §§ 2(vvv), (www).  On February 19, 2025, a group of plaintiffs—including all

---

[1] Plaintiffs' concern, *see* Rule 60(b)(6) Motion (Dkt. No. 99) at 4 n.1, that those withdrawals could escape review as "revocations of revocations" is incorrect because the 2021 Biden EO did not rely on the revocation of the 2017 Trump EO to reinstate the withdrawals.  Instead, a separate section independently invoked Section 1341(a) to reinstate the withdrawals.  In other words, as to those areas, the operative inquiry is whether President Trump's 2025 revocation of the 2021 Biden **reinstatement** of the prior withdrawals is valid.

API Opposition to Rule 60(b)(6) Motion
*League of Conservation Voters, et al., v. Trump, et al.,* No. 3:17-cv-00101 (SLG)
Case 3:17-cv-00101-SLG    Document 110    Filed 04/04/25    Page 11 of 25

but two of the Plaintiffs in this case—filed a lawsuit in this Court challenging the 2025 Trump EO's revocation of President Biden's offshore leasing withdrawals contending, like here, that such revocation exceeds the president's authority under Section 1341(a). *See N. Alaska Envtl. Ctr., et al. v. Trump*, No. 25-cv-00038, Compl. (Dkt. No. 1).

At the same time, Plaintiffs here moved pursuant to Federal Rule of Civil Procedure 60(b)(6) for an order reinstating this Court's vacated summary judgment decision holding that Section 1341(a) did not authorize the 2017 Trump EO revoking President Obama's prior withdrawal of portions of the OCS from disposition for leasing. *See* Pls.' Rule 60(b)(6) Motion (Dkt. No. 99).

## ARGUMENT

### I. Plaintiffs' Challenge To The 2017 Trump EO Remains Moot.

"Mootness, like the related doctrine of standing, restricts judicial power to the decision of cases and controversies, so that our elected government retains the general power to establish social policy." *Nome Eskimo Community v. Babbitt*, 67 F.3d 813, 815 (9th Cir. 1995). For that reason, "[a] federal court does not have jurisdiction to give opinions upon moot questions or abstract propositions, or to declare principles or rules of law which cannot affect the matter in issue in the case before it." *Am. Rivers v. Nat'l Marine Fisheries Serv.*, 126 F.3d 1118, 1123 (9th Cir. 1997) (quotation omitted). *See also*, *e.g.*, *United States v. Alaska S.S. Co.*, 253 U.S. 113, 116 (1920) (explaining that courts cannot decide moot question, "[h]owever convenient it might be," because court "is not empowered to decide moot questions").

API Opposition to Rule 60(b)(6) Motion
*League of Conservation Voters, et al., v. Trump, et al.,* No. 3:17-cv-00101 (SLG)

As the Ninth Circuit recognized, the 2021 Biden EO's express revocation of the 2017 Trump EO—the issuance of which was the sole subject of controversy between the parties—mooted this litigation. *See League of Conservation Voters*, No. 19-35460, Order (Dkt. No. 110) at 2. That the 2021 Biden EO expressly reinstated the prior leasing withdrawals and President Biden then expanded those withdrawals before the 2025 Trump EO revoked President Biden's actions, *see supra*, does not change the fact that the 2017 Trump EO that was the subject of this lawsuit is no longer operative and subject to legal challenge.

Rather, two presidential elections have intervened since the challenged 2017 Trump EO was issued. And, reflecting changes in policy commensurate with those elections, two duly elected presidents have issued separate, superseding Executive Orders and memoranda governing offshore leasing under Section 1341(a). *See supra*. In short, the 2021 Biden EO and presidential memoranda and the 2025 Trump EO under Section 1341(a) have now superseded the 2017 Trump EO. As these superseding presidential actions demonstrate, the 2025 Trump EO has not, as Plaintiffs suggest, simply "put[] back in place the 2017" Trump EO. *See* Pls.' Rule 60(b)(6) Motion (Dkt. No. 99) at 3–4.

Contrary to Plaintiffs' contention, the 2025 Trump EO does not purport to "reinstate" the 2017 Trump EO—there is no mention of the 2017 Trump EO whatsoever. *See* 90 Fed. Reg. at 8,237–41. Indeed, the absence of an express reinstatement is in notable contrast to the 2021 Biden EO, which expressly "reinstated" President Obama's leasing withdrawals that had been revoked by the 2017 Trump EO. *See* 86 Fed. Reg. at 7,039,

API Opposition to Rule 60(b)(6) Motion
*League of Conservation Voters, et al., v. Trump, et al.,* No. 3:17-cv-00101 (SLG)
Case 3:17-cv-00101-SLG    Document 110    Filed 04/04/25    Page 13 of 25

§ 4(b).  Nor could the 2025 Trump EO simply reinstate the 2017 Trump EO, given that they were predicated on separate and distinct executive actions by Presidents Obama and Biden.  Because the 2017 Trump EO has been superseded by multiple layers of presidential action across two administrations, any challenge to that executive action is moot.[2]

It is well-settled that when, as here, a new governmental action fully supersedes an action that is already subject to legal challenge, the litigation challenging the superseded action is moot.  *See*, *e.g.*, *Aluminum Co. of Am. v. Bonneville Power Admin*., 56 F.3d 1075, 1078 (9th Cir. 1995) (finding that superseding biological opinion mooted prior lawsuit challenging superseded biological opinion).  That is particularly true here because the 2025 Trump EO was issued at the start of President Trump's term and there is, accordingly, "ample time to obtain judicial review" of the 2025 Trump EO before it could be revoked by action of a future President, which demonstrates that the underlying legal issues do not evade review.  *Id*. (noting that four-year scope of the superseding biological opinion provided sufficient time for judicial review).  *See also Am. Rivers*, 126 F.3d at 1124 (finding that superseding biological opinion mooted challenge to prior biological opinion, and three-year duration of superseding opinion sufficient for judicial review).

---

[2] The superseded 2017 Trump EO also differs conspicuously from the subsequent 2025 Biden withdrawals.  The latter purport ***permanently*** to withdraw vast areas of the OCS from ever being considered for "any future oil or natural gas leasing."  *See supra* p. 7.  By contrast, the 2017 Trump EO does not, by its terms, purport to remain in effect irrespective of any future presidential action.  Indeed, the two 2025 Biden withdrawals themselves materially differ from the 2015 and 2016 Obama and 2021 Biden withdrawals in both geographic scope and more explicit purported permanence ("The withdrawal directed by this memorandum prevents consideration of the withdrawn areas for any future oil or natural gas leasing for purposes of exploration, development, or production.").

API Opposition to Rule 60(b)(6) Motion
*League of Conservation Voters, et al., v. Trump, et al.,* No. 3:17-cv-00101 (SLG)

Here, any practical overlap between the previous effect of the 2017 Trump EO and current presidential policy, *see* Pls.' Rule 60(b)(6) Motion (Dkt. No. 99) at 7, is solely a product of the 2025 Trump EO. Indeed, because the 2021 Biden EO both revoked the 2017 Trump EO and expressly reinstated the prior withdrawals issued by President Obama, *see* 86 Fed. Reg. at 7,039, § 4(b), only the 2025 Trump EO—not the 2017 Trump EO that predated President Biden's action—could have the effect of revoking the reinstated Obama Administration withdrawals. Indeed, the 2025 Trump EO does not mention—much less expressly reinstate—the revoked 2017 Trump EO. They are separate executive actions directed at different withdrawals by different predecessor presidents. And the rule that fully superseding government action moots the legal challenge to a prior action remains true even if "the legal errors in the" original action (as purported by the challenger) "were carried over into" the superseding action. *Am. Rivers*, 126 F.3d at 1122.

Because the harm claimed by the Plaintiffs in this lawsuit—revocation of President Obama's offshore leasing withdrawals—is wholly caused by the 2025 Trump EO, Plaintiffs' proper recourse is to challenge that action. Indeed, Plaintiffs have already done so, *see N. Alaska Envtl. Ctr., et al. v. Trump*, No. 25-cv-00038, Compl. (Dkt. No. 1), and that litigation should now run its course with this Court's vacated summary judgment decision in this case afforded whatever, if any, "persuasive weight," *League of Conservation Voters v. Biden*, No. 19-35460, Pls.' Responsive Supp. Br. (Dkt. No. 105) at 3 (quoting *NASD Disp. Resol.*, 488 F.3d at 1069), is appropriate under current

11

API Opposition to Rule 60(b)(6) Motion
*League of Conservation Voters, et al., v. Trump, et al.*, No. 3:17-cv-00101 (SLG)

Case 3:17-cv-00101-SLG    Document 110    Filed 04/04/25    Page 15 of 25

circumstances, including that the Government's and API's challenges to the Court's prior decision were not tested on the merits by the Ninth Circuit on appeal.

## II. Plaintiffs Have Not Demonstrated An Entitlement To Extraordinary Relief Under Rule 60(b)(6).

Even if this case is not moot (which it is), extraordinary relief from a four-year-old order of dismissal—let alone reinstatement of a decision vacated by the Ninth Circuit—is not appropriate under Rule 60(b)(6) because Plaintiffs have not demonstrated an entitlement to the unprecedented relief they seek.

"'Rule 60(b)(6) has been used sparingly as an equitable remedy to prevent manifest injustice' and 'is to be utilized only where extraordinary circumstances prevented a party from taking timely action to prevent or correct an erroneous judgment.'" *Delay v. Gordon*, 475 F.3d 1039, 1044 (9th Cir. 2007) (quoting *United States v. Alpine Land & Reservoir Co.*, 984 F.2d 1047, 1049 (9th Cir. 1993)). *See also*, *e.g.*, *United States v. Real Property*, 164 F.R.D. 496, 499–500 (C.D. Cal. 1995). But there is no basis to conclude—and Plaintiffs do not suggest—that the Ninth Circuit's decision vacating this Court's summary judgment decision was "an erroneous judgment" or that changes in Executive Branch offshore leasing policy across successive presidential administrations are an "extraordinary circumstance[]." Rather, Plaintiffs seek only to reinstate a favorable district court decision in advance of their legal challenge to the 2025 Trump EO's revocation of President Biden's offshore leasing withdrawals. *See N. Alaska Envtl. Ctr., et al. v. Trump*, No. 25-cv-00038, Compl. (Dkt. No. 1). Extraordinary relief is not available in these circumstances.

API Opposition to Rule 60(b)(6) Motion
*League of Conservation Voters, et al., v. Trump, et al.*, No. 3:17-cv-00101 (SLG)

Nor do plaintiffs identify any precedent supporting reinstatement of a decision vacated by the Court of Appeals prior to a district court's dismissal order. *See Hawaii Cnty. Green Party v. Clinton*, 124 F. Supp. 2d 1173, 1185 (D. Haw. 2000) (concluding that there is no authority to support using Rule 60(b)(6) "to reopen a case held moot").

Plaintiffs nevertheless claim that "justice" supports Rule 60(b)(6) relief because the parties and the Ninth Circuit could not have "foreseen" a new Executive Order "simply bring[ing]" President Trump's prior revocation "back into existence." *See* Pls.' Rule 60(b)(6) Motion (Dkt. No. 99) at 6, 7. As explained above, however, the 2025 Trump EO does not expressly or even impliedly reinstate the 2017 Trump EO; rather the 2025 Trump EO is a new and distinct executive action that supersedes prior presidential actions under Section 1341(a) premised on executive action by President Biden that did not exist in 2017. *See supra*. Nor was the transition to a new Administration that was likely to revoke prior OCS leasing withdrawals—including a potential return to office by President Trump—following the 2024 presidential election an unforeseeable event. "It can hardly be 'extraordinary' in an ever-changing world that years after a case is found moot, facts arise that would support a new lawsuit or even (arguably) the claims rejected in the first lawsuit. If such a change in circumstances meant that final judgments should be disturbed, Rule 60(b)(6) motions would not be used 'sparingly,' but would be used routinely by parties trying to re-open moot cases years after-the-fact." *Hawaii Cnty. Green Party*, 124 F. Supp. 2d at 1185.

API Opposition to Rule 60(b)(6) Motion
*League of Conservation Voters, et al., v. Trump, et al.,* No. 3:17-cv-00101 (SLG)
Case 3:17-cv-00101-SLG    Document 110    Filed 04/04/25    Page 17 of 25

Indeed, in declining to oppose vacatur of this Court's summary judgment decision, Plaintiffs themselves averred to the Ninth Circuit that vacatur would cause no harm to Plaintiffs even if the same legal issues recurred in the future, asserting that the district court's decision would "'still be citable for [its] persuasive weight' in future litigation, if any should occur." *See League of Conservation Voters*, No. 19-35460, Pls.' Responsive Supp. Br. (Dkt. No. 105), at 3 (quoting *NASD Disp. Resol., Inc. v. Jud. Council of Cal.*, 488 F.3d 1065, 1069 (9th Cir. 2007)).[3]  Viewed in context, "[g]oing through the cumbersome process of trying to re-open a dusty case through a remedy that is to be used 'sparingly' can hardly be easier than just filing a new complaint," as Plaintiffs have already done, and Plaintiffs have "not shown any reason that [they] cannot obtain the relief [they] seek[] through this (or another) new suit." *Hawaii Cnty. Green Party*, 124 F. Supp. 2d at 1185.

Plaintiffs' efforts to draw an analogy between the present case and instances in which courts have applied Rule 60(b)(6) are likewise unavailing.

First, unlike *Bynoe v. Baca*, 966 F.3d 972 (9th Cir. 2020), this is not a case in which there was a post-judgment change in the law governing the disposition of the suit.  In that case, the petitioner's habeas petition had been dismissed because it contained only unexhausted claims; but years later the Ninth Circuit "settled the law governing" petitions

---

[3] API set out its views on the merits of the parties' dispute over the meaning of Section 1341(a) in its appeal of this Court's summary judgment decision to the Ninth Circuit, which was not resolved because of the intervening mootness of Plaintiffs' challenge to the 2017 Trump EO.  API will again address the merits of the 2025 actions by Presidents Biden and Trump at the appropriate time and in the appropriate proceeding.

14

API Opposition to Rule 60(b)(6) Motion
*League of Conservation Voters, et al., v. Trump, et al.,* No. 3:17-cv-00101 (SLG)

Case 3:17-cv-00101-SLG     Document 110     Filed 04/04/25     Page 18 of 25

containing only unexhausted claims, allowing petitions like Bynoe's to proceed. *See id*. at 979. Here, by contrast, the Ninth Circuit's vacatur order was based on the law governing mootness, and there has been no "clear and authoritative change in the law governing" mootness. *Id*. at 983 (quotation omitted). Nor have Plaintiffs identified the intervening resolution of any "unanswered question of law" governing the judgment. *Id*. at 984. *See also id*. at 983 (noting "the resolution of *unsettled* law . . . may present extraordinary circumstances" warranting reopening under Rule 60(b)(6)). And no authority has "rejected the legal core" of the Ninth Circuit's judgment of mootness. *Id*. at 986. *See also Venoco, LLC v. Plains Pipeline, LP*, No. 21-cv-55193, 2022 WL 1090947, at *2 (9th Cir. April 12, 2022) (finding reopening appropriate where the rule of decision "was decidedly unsettled at the time" and the subsequent settling of the question "vindicated the interpretation [the movant] had pressed all along" (quotations and emphasis omitted)). Even considering the underlying legal question of statutory interpretation raised by Plaintiffs' lawsuit, Plaintiffs have identified no relevant change in law that would demonstrate extraordinary circumstances justifying relief.

*In re Pacific Far East Lines, Inc*., 889 F.2d 242 (9th Cir. 1988), is similarly unhelpful to Plaintiffs. There, Congress passed new legislation setting a cap on certain payments to the Government out of a bankruptcy proceeding, after the trustee had entered into a settlement paying a higher sum to the Government. *See id*. at 243–44. The Ninth Circuit concluded that the change in law was an extraordinary circumstance warranting reopening of the case to permit a refund to the trustee. *See id*. at 250. But the court made

15

API Opposition to Rule 60(b)(6) Motion
*League of Conservation Voters, et al., v. Trump, et al.*, No. 3:17-cv-00101 (SLG)

Case 3:17-cv-00101-SLG   Document 110   Filed 04/04/25   Page 19 of 25

clear that such circumstances are not present "where parties have made deliberate litigation choices" because "Rule 60(b)(6) should not provide a second chance." *Id.* That is the situation here. Before the Ninth Circuit, Plaintiffs agreed both that the controversy was moot and, despite acknowledging that vacatur is not always required, *see League of Conservation Voters*, No. 19-35460, Pls.' Responsive Supp. Br. (Dkt. No. 105), at 2, that vacatur of this Court's decision was appropriate, *see id.* at 3.

In other words, Plaintiffs consciously chose to forego any argument to the Ninth Circuit (or Supreme Court) that the case was not moot, subject to any exception to mootness based on recurrence, or that this Court's summary judgment decision otherwise should remain in place. *See id.* at 3. "There must be an end to litigation someday, and free, calculated, deliberate choices are not to be relieved from." *In re Pacific Far East Lines*, 889 F.2d at 250 (quoting *Ackermann v. United States*, 340 U.S. 193, 198 (1950)).[4]

## III. Reinstatement Of This Court's Summary Judgment Decision Is Inconsistent With The Ninth Circuit's Mandate.

Alongside the continuing mootness of Plaintiffs' claims and Plaintiffs' failure to justify extraordinary Rule 60(b)(6) relief, this Court lacks the authority to reinstate its summary judgment decision under the appellate mandate rule. Crucially, this Court's summary judgment decision was expressly "vacate[d]" by the Ninth Circuit, *see League of*

---

[4] Plaintiffs' reliance on cases that were reopened after a party repudiated the terms of the voluntary settlement agreement that terminated the case, *see Keeling v. Sheet Metal Workers Int'l Ass'n, Local Union 162*, 937 F.2d 408, 410 (9th Cir. 1991), is also misplaced. There is no such alleged misconduct here, simply an intervening presidential election that returned to office an Administration that previously issued—and, as a matter of governing policy, was likely to again issue—a revocation of offshore leasing withdrawals.

16

API Opposition to Rule 60(b)(6) Motion
*League of Conservation Voters, et al., v. Trump, et al.,* No. 3:17-cv-00101 (SLG)

*Conservation Voters*, No. 19-35460, Order (Dkt. No. 110) at 5, not by any order of this Court itself. The Ninth Circuit limited this Court's actions on remand to dismissing the case without prejudice. *See id.*; Order of Dismissal (Dkt. No. 96). The passage of time does not change this Court's discretion. This Court's ongoing authority is still circumscribed by the Ninth Circuit's limited mandate to this Court on remand.

Following a remand from the Court of Appeals, the proper inquiry for a district court in resolving a party's post-remand motion is "whether granting that motion properly lay within the mandate issued" by the appellate court. *Caldwell v. Puget Sound Elec. Apprenticeship & Training Trust*, 824 F.2d 785, 767 (9th Cir. 1987). Most fundamentally, "[u]pon return of its mandate, the district court cannot give relief beyond the scope of that mandate, but it may act on 'matters left open by the mandate.'" *Id.* (quoting *In re Sanford Fork & Tool Co.*, 160 U.S. 247, 256 (1895)). Any action inconsistent with the mandate is beyond the authority of the district court. *See Caldwell*, 824 F.2d at 767. *See also Hongsermeier v. Comm'r of Internal Revenue*, 621 F.3d 890, 899 (9th Cir. 2010) ("A trial court is prohibited from giving relief beyond the scope of an appellate mandate.").

In construing an appellate court's mandate to a district court, "[t]he ultimate task is to distinguish matters that have been decided on appeal . . . from matters that have not." *Rubicon Global Ventures, Inc. v. Chonqing Zongshen Grp. Import/Export Corp.*, 757 F. App'x 531, 532 (9th Cir. 2018) (quoting *United States v. Kellington*, 217 F.3d 1084, 1093 (9th Cir. 2000)). Here, the Ninth Circuit itself found the case moot, and itself vacated this Court's summary judgment decision. *See League of Conservation Voters*, No. 19-

API Opposition to Rule 60(b)(6) Motion
*League of Conservation Voters, et al., v. Trump, et al.,* No. 3:17-cv-00101 (SLG)

35460, Order (Dkt. No. 110) at 5. The sole issue left to this Court by the Ninth Circuit on return of the mandate was dismissal of the case without prejudice. It did so, and issued a final judgment.

While the mandate rule does not go so far as to preclude a district court from exercising jurisdiction over a Rule 60(b) motion for post-judgment relief, *see Standard Oil Co. of Cal. v. United States*, 429 U.S. 17, 18 (1976), that does not mean that the district court's resolution of the motion is unrestrained by the mandate of the Court of Appeals. Rather, the mandate rule still prevents re-litigation of "whatever was before [the appellate] court, and disposed of by its decree." *In re Sanford Fork*, 160 U.S. at 255. Here, the Ninth Circuit determined whether Plaintiffs' lawsuit is moot and whether this Court's summary judgment decision remains (or should remain) in effect. Plaintiffs do not question the validity of the Ninth Circuit's determinations *ab initio*, *compare Standard Oil*, 429 U.S. at 17–18 (permitting district court to entertain post-judgment relief based on "alleged misconduct by Government counsel and by a material witness" in obtaining judgment); *Gould v. Mutual Life Ins. Co. of N.Y.*, 790 F.2d 769, 772–73 (9th Cir. 1986) (permitting district court to entertain post-judgment relief based on alleged lack of federal subject-matter jurisdiction over the case), and the basis of the Ninth Circuit's mootness determination remains untouched by subsequent, superseding government action, *see* Section I *supra*.

Nor may a Rule 60(b) motion "be used simply to reopen a decision previously decided on appeal; rather, the moving party must show that the motion relates to later

18

API Opposition to Rule 60(b)(6) Motion
*League of Conservation Voters, et al., v. Trump, et al.,* No. 3:17-cv-00101 (SLG)
Case 3:17-cv-00101-SLG    Document 110    Filed 04/04/25    Page 22 of 25

events that were not part of the record or issues previously considered." *Adasa Inc. v. Avery Dennison Corp.*, 715 F. Supp. 3d 1326, 1337 (D. Or. 2024). And the issue of "possible future action" revoking offshore leasing withdrawals was noted in the mootness briefing before the Ninth Circuit with the observation that such future action did not change the mootness inquiry because such action "is unlikely to be so inherently limited in duration that it would evade review" and thereby trigger an exception to mootness. *See League of Conservation Voters v. Biden*, No. 19-35460, Fed. Defs.' Supp. Br. (Dkt. No. 88) at 8.

In these circumstances, the determination of mootness and vacatur of this Court's summary judgment decision were "not left open by the mandate," and reversing the Ninth Circuit's judgment of mootness and reinstating the prior summary judgment decision by granting Plaintiffs' Rule 60(b)(6) Motion would therefore "exceed[] the scope of the mandate." *Rubicon Global Ventures*, 757 F. App'x at 532 (finding that district court order granting party's motion to preclude entry of default judgment exceeded Ninth Circuit mandate "in the context of the memorandum that otherwise rejected [the party's] arguments of error in the district court's entry of default judgments").

## CONCLUSION

For the foregoing reasons, this Court should deny Plaintiff's Rule 60(b)(6) Motion.

Respectfully submitted,

*/s/ George Lyle*
George Lyle
  (AK Bar No. 8411126)
Guess & Rudd P.C.
1029 W. 3rd Ave., Suite 400
Anchorage, AK 99501

API Opposition to Rule 60(b)(6) Motion
*League of Conservation Voters, et al., v. Trump, et al.,* No. 3:17-cv-00101 (SLG)

Tel: (907) 793-2200
Fax: (907) 793-2299
glyle@guessrudd.com

Steven J. Rosenbaum (*Pro hac vice*)
  (D.C. Bar No. 331728)
Bradley K. Ervin (*Pro hac vice*)
  (D.C. Bar No. 982559)
COVINGTON & BURLING LLP
One CityCenter
850 Tenth St. N.W.
Washington, D.C. 20001
Tel: (202) 662-5568
Fax: (202) 778-5568
srosenbaum@cov.com
bervin@cov.com

*Attorneys for Intervenor-Defendant American Petroleum Institute*

April 4, 2025

API Opposition to Rule 60(b)(6) Motion
*League of Conservation Voters, et al., v. Trump, et al.,* No. 3:17-cv-00101 (SLG)
Case 3:17-cv-00101-SLG     Document 110     Filed 04/04/25     Page 24 of 25

# CERTIFICATE OF SERVICE

I hereby certify that on this 4th day of April, 2025, I caused a true and correct copy of the foregoing to be filed with the Court electronically and served by the Court's CM/ECF System upon the following:

Erik Grafe
Earthjustice
441 W. 5th Ave., Suite 301
Anchorage, AK 99501
Tel: 907-792-7102
Fax: 907-277-1390
Email: egrafe@earthjustice.org

Eric P. Jorgensen
Earthjustice
325 Fourth Street
Juneau, AK 99801
Tel: 907-586-2751
Fax: 907-463-5891
Email: ejorgensen@earthjustice.org

Jaclyn H. Prange
Irene V. Gutierrez
Natural Resources Defense Council
111 Sutter St., FL. 21
San Francisco, CA 94104
Tel: 415-875-6100
Email: jprange@nrdc.org
         igutierreze@nrdc.org

*Counsel for Plaintiffs*

Luther L. Hajek
U.S. Department of Justice
Environment & Natural Resources Division
999 18th St.
South Terrace, Suite 370
Denver, CO 80202
Tel: 303-844-1376
Fax: 303-844-1350
Email: luke.hajek@usdoj.gov

*Counsel for Federal Defendants*

Mary Hunter Gramling
Assistant Attorney General
Department of Law
State of Alaska
Juneau, AK 99811
Tel: 907-465-3600
Fax: 907-465-2520
Email: mary.gramling@alaska.gov

*Counsel for Intervenor-Defendant State of Alaska*

*/s/  George Lyle*
George Lyle

API Opposition to Rule 60(b)(6) Motion
*League of Conservation Voters, et al., v. Trump, et al.*, No. 3:17-cv-00101 (SLG)
Case 3:17-cv-00101-SLG    Document 110    Filed 04/04/25    Page 25 of 25