Erik Grafe (AK Bar No. 0804010)
Hannah Payne Foster (AK Bar No. 2105045)
EARTHJUSTICE
310 K Street Suite 508
Anchorage, AK 99501
T: 907.277.2500
E: egrafe@earthjustice.org
E: hfoster@earthjustice.org

Eric P. Jorgensen (AK Bar No. 8904010)
EARTHJUSTICE
325 Fourth Street
Juneau, AK 99801
T: 907.586.2751
E: ejorgensen@earthjustice.org

*Attorneys for Plaintiffs League of Conservation Voters; Sierra Club; Alaska Wilderness League; Defenders of Wildlife; Northern Alaska Environmental Center; Center for Biological Diversity; and Greenpeace, Inc.*

Jaclyn H. Prange (CA Bar No. 270929, *pro hac vice*)
Irene V. Gutierrez (CA Bar No. 252927, *pro hac vice*)
NATURAL RESOURCES DEFENSE COUNCIL
111 Sutter St., Fl. 21
San Francisco, CA 94104
T: 415-875-6100
E: jprange@nrdc.org
E: igutierrez@nrdc.org

*Attorneys for Plaintiffs League of Conservation Voters; Natural Resources Defense Council; Sierra Club; Alaska Wilderness League; Defenders of Wildlife; Northern Alaska Environmental Center; Center for Biological Diversity; and Greenpeace, Inc.*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| LEAGUE OF CONSERVATION VOTERS *et al.*, <br><br> *Plaintiffs*, <br><br> v. <br><br> DONALD J. TRUMP *et al.*, <br><br> *Defendants*, <br><br> AMERICAN PETROLEUM INSTITUTE and STATE OF ALASKA, <br><br> *Intervenor-Defendants.* | No. 3:17-cv-00101-SLG |

**PLAINTIFFS' REPLY IN SUPPORT OF RULE 60(b)(6) MOTION**

Plaintiffs' motion rests on this fundamental fact: the President has reanimated an illegal order that puts the Arctic Ocean and Atlantic canyons at risk of exploration and drilling. This Court has already determined that this exact same order violates the law. Rule 60(b) recognizes that extraordinary times like these call for extraordinary relief. Defendants' and Intervenors' various arguments in opposition to Plaintiffs' motion fail to demonstrate that the relief Plaintiffs request is unavailable or unwarranted.

## I. This case is no longer moot.

A brief timeline demonstrates why Defendants and Intervenors are incorrect in asserting that this case remains moot.

***

1. President Obama issued three withdrawals relevant to this case:[1]

    a. Arctic withdrawal I (Hanna Shoal and coastal waters) (Jan. 27, 2015), Doc. 51-2,

    b. Arctic withdrawal II (Chukchi and Beaufort Seas) (Dec. 20, 2016), Doc. 51-3,

    c. Atlantic canyons withdrawal (Dec. 20, 2016), Doc. 51-4.

---

[1] President Obama also withdrew areas in the Northern Bering Sea on December 20, 2016. These withdrawals, which were similarly revoked by President Trump in his 2017 Executive Order and, like the second Arctic withdrawal, "reinstated" in President Biden's 2021 Executive Order, are not at issue in this case. *See* Doc. 51 at 18 n.5.

PLAINTIFFS' REPLY IN SUPPORT OF RULE 60(B)(6) MOTION
*League of Conservation Voters et al. v. Trump et al.,*
No. 3:17-cv-00101-SLG                 1

2. President Trump issued Executive Order 13,795 (April 28, 2017) (the 2017 Revocation). Section 5 of the order revoked the three Obama withdrawals. Doc. 51-1.

3. Plaintiffs initiated this lawsuit challenging President Trump's revocation as unlawful. Doc. 1 (May 3, 2017). This Court denied Defendants' and Intervenors' motions to dismiss and granted Plaintiffs' motion for summary judgment. Docs. 45 (March 19, 2018) & 80 (March 29, 2019). Defendants and Intervenors appealed. Docs. 82, 83 & 84 (May 28, 2019).

4. President Biden issued Executive Order 13,990 (January 20, 2021). Appeals Doc. 81; 86 Fed. Reg. 7037 (Jan. 25, 2021) (2021 Biden Order). The order took two actions relevant to President Obama's withdrawals:

   a. Section 7(a) revoked President Trump's Executive Order 13,795, including Section 5. *Id.* at 11-12. It thus revoked a revocation of the three withdrawals at issue (1.a., b. & c. above).

   b. Section 4(b) "reinstated" President Obama's second Arctic withdrawal of December 20, 2016 (1.b. above) but not his other two withdrawals (1.a. and 1.c. above). *Id.* at 8.

5. Based on the rescission of the 2017 Revocation, the appeal was dismissed as moot and the case dismissed without prejudice. Appeal Doc. 110 (April 13, 2021) & Doc. 96 (April 16, 2021). In dismissing the appeal as moot, the Ninth Circuit noted that "[t]he parties argue President Biden's revocation of President Trump's Executive Order [i.e. 4.a. above] rendered these appeals moot," and stated "[w]e agree." Appeal Doc. 110 at 4. It stated that, "the relevant areas of the OCS in the Chukchi Sea, Beaufort Sea, and Atlantic Ocean will be withdrawn from exploration and development activities regardless of the outcome of these appeals." *Id.*

6. President Trump issued Executive Order 14,148 (January 20, 2025). 90 Fed. Reg. 8237 (Jan. 28, 2025) (2025 Trump Order). Section 2(f) of the order revokes President Biden's Executive Order 13,990, including sections 7 and 4(b). This revived President Trump's Executive Order 13,795 from April 2017, revoking protections for the Chukchi and Beaufort Seas and Atlantic canyons.

PLAINTIFFS' REPLY IN SUPPORT OF RULE 60(B)(6) MOTION
*League of Conservation Voters et al. v. Trump et al.,*
No. 3:17-cv-00101-SLG                    2

Case 3:17-cv-00101-SLG    Document 116    Filed 04/18/25    Page 3 of 15

***

In their brief, Defendants acknowledge that President Trump's 2025 Order "has the effect of reinstating the 2017 order challenged in this case." Doc. 111 at 2. Plaintiffs agree, and this is exactly why the Court should reinstate its decision and order vacating the again-operative 2017 Revocation.

Notwithstanding their acknowledgment, Defendants nonetheless assert that this case is moot. They argue that this is because the operative action revoking the Obama withdrawals is the 2025 Trump Order, not the 2017 Revocation. Doc. 111 at 5. The 2025 Trump Order has multiple operative parts, but the only way in which it reopens the Chukchi, Beaufort, and Atlantic canyon areas to leasing is by, in section 2(f), restoring President Trump's 2017 revocation of President Obama's three withdrawals. Its other purported revocations of withdrawals, though they could be separately challenged, are not relevant to the relief Plaintiffs seek here. Sections 2(ccc), (vvv), and (www) of the 2025 Order, cited by Defendants, Doc. 111 at 5, revoke other withdrawals put in place by President Biden.[2] They are thus not relevant to the revocation of the three Obama withdrawals at issue here.

---

[2] Plaintiffs are challenging the separate revocations contained in 2(ccc) (revoking nearshore Beaufort Sea withdrawal) and 2(vvv) (revoking lower 48 withdrawals), which are different actions based on different facts than the 2017 Revocation, in a separate lawsuit before this Court. *See* Doc. 99 at 5 n.1; *Northern Alaska Environmental Center v. Trump*, No. 3:25-cv-38-SLG (D. Alaska, Feb. 19, 2025).

PLAINTIFFS' REPLY IN SUPPORT OF RULE 60(B)(6) MOTION
*League of Conservation Voters et al. v. Trump et al.,*
No. 3:17-cv-00101-SLG                3

Case 3:17-cv-00101-SLG   Document 116   Filed 04/18/25   Page 4 of 15

By revoking the entire 2021 Biden Order, the 2025 Trump Order also purports to revoke President Biden's "reinstate[ment]" (in section 4(b) of the 2021 order, Appeals Doc. 81 at 8) of President Obama's second Arctic Ocean withdrawal. But this revocation is also not relevant to the relief sought here. Revoking President Biden's 2021 reinstatement of this withdrawal does not reopen the area to leasing, because it does not revoke the original 2016 Obama withdrawal of the area. Only section 2(f)'s revocation of President Biden's 2021 rescission of the 2017 Revocation (in section 7 of the Biden order) addresses the original three Obama withdrawals and purports to reopen these areas to leasing by restoring the 2017 Revocation. In short, reinstatement of the Court's order and judgment would provide Plaintiffs with the relief they seek. It would remove the now-revived 2017 Revocation, thereby reinstating the three Obama withdrawals. This case is thus no longer moot.[3]

For its part, API now argues that the 2021 Biden Order relied on a direct reinstatement of the Obama withdrawals (in section 4(b) of the order) to put the withdrawals back in place, not on the revocation of the 2017 Revocation (in

---

[3] Because reinstatement of this Court's order vacating the 2017 Revocation would provide Plaintiffs with the relief they seek—reinstatement of the Obama withdrawals—they are not challenging the 2025 Trump Order's revocation of President Biden's reinstatement of the second Obama withdrawal at this time.

PLAINTIFFS' REPLY IN SUPPORT OF RULE 60(B)(6) MOTION
*League of Conservation Voters et al. v. Trump et al.*,
No. 3:17-cv-00101-SLG    4

section 7 of the order). Doc. 110 at 11 n.1. Thus, they argue, the operative inquiry is whether the 2025 Trump Order's revocation of this reinstatement is valid, not whether the 2017 Revocation is valid. *Id.* There are at least two problems with this argument. First, it contradicts API's prior position that the 2021 Biden Order's revocation of the 2017 Revocation is what mooted the case, Appeals Doc. 93-1 at 8, a position shared by all the other parties and adopted by the Ninth Circuit, Appeals Doc. 88 at 7-13; Appeals Doc. 90 at 4-5; Appeals Doc. 92 at 6-14; Appeals Doc. 101 at 4; Appeals Doc. 110 at 4. Second, the part of the 2021 Biden Order on which API relies, section 4(b), only reinstated one of the three Obama withdrawals, the second Arctic Ocean withdrawal of December 20, 2016, but not the other two withdrawals at issue in this case (the first Arctic withdrawal and the Atlantic Canyon withdrawal). It thus could not have been the section on which the 2021 Biden Order relied to restore all three Obama withdrawals.

API additionally argues that the case remains moot because the 2017 Revocation is beyond the president's power to reinstate. Doc. 110 at 13-15. This argument fails for at least three reasons. First, API argues that a lot has happened since 2017. But as to the 2017 Revocation, only two things have happened—it was revoked in the 2021 Biden Order and (extraordinarily) reinstated in the 2025 Trump Order. That President Biden also withdrew, and President Trump purported

PLAINTIFFS' REPLY IN SUPPORT OF RULE 60(B)(6) MOTION
*League of Conservation Voters et al. v. Trump et al.,*
No. 3:17-cv-00101-SLG      5

Case 3:17-cv-00101-SLG   Document 116   Filed 04/18/25   Page 6 of 15

to reopen, other areas is irrelevant. Second, the premise of the argument—that the president cannot take action that has the effect of reinvigorating a previous order—is wholly unsupported, and, even if true, would not lead to the result API seeks. If President Trump cannot reinstate the 2017 Revocation, the result would be that President Obama's withdrawals remain in place, because the 2025 Trump Order otherwise takes no action to revoke the Obama withdrawals. This, of course, conflicts not only with API's position that these areas are available for leasing, it also contradicts Defendants' position that the 2025 Trump Order reinstates the 2017 Revocation and effectively reopens these areas. Doc. 111 at 4; *see also* https://www.boem.gov/oil-gas-energy/leasing/areas-under-restriction (Bureau of Ocean Energy Management website identifying only one area in Alaska, the North Aleutian Basin, as closed to leasing). Finally, API's argument is inconsistent with its prior position that President Biden could, in 2021, revoke President Trump's 2017 Revocation and thereby reinstate President Obama's 2015 and 2016 withdrawals, mooting the case. The current sequence of events, President Trump's 2025 revocation of President Biden's 2021 revocation, thereby reinstating the 2017 Revocation of the Obama withdrawals, follows the same logic, requires the same number of steps, and took place over a similar length of time.

PLAINTIFFS' REPLY IN SUPPORT OF RULE 60(B)(6) MOTION
*League of Conservation Voters et al. v. Trump et al.*,
No. 3:17-cv-00101-SLG   6

## II. Extraordinary circumstances exist here.

Defendants do not dispute that it was extraordinary for President Trump to reinstate his 2017 Revocation. *See* Doc. 99 at 7-8 (explaining that neither the parties nor the courts could anticipate the extraordinary act of reinstating the 2017 Revocation). Instead, they argue that denying Plaintiffs' motion would not risk injustice to the Plaintiffs. Doc. 111 at 6-7. As Plaintiffs described in their motion, however, requiring them to relitigate the lawfulness of the 2017 Revocation by, for example, seeking to amend their separate lawsuit challenging other aspects of the 2025 Trump Order, would waste the Court's and the parties' resources: the lawfulness of the 2017 Revocation has already been fully litigated (in seven rounds of briefing and two hearings for two dispositive motions over the course of two years), and this Court has already issued two opinions resolving jurisdictional and merits issues and concluding the 2017 Revocation was unlawful. Doc. 99 at 8-9. Moreover, this unnecessary delay would prejudice Plaintiffs because the affected areas of the ocean would remain open to leasing (and pre-leasing activities like seismic surveying) during the pendency of the litigation.

Defendants' argument, Doc. 111 at 7-8, that "major developments" in administrative law militate against granting Plaintiffs' motion is without merit. *Loper Bright Enters. v. Raimondo*, 603 U.S. 369, 412 (2024), which addresses

PLAINTIFFS' REPLY IN SUPPORT OF RULE 60(B)(6) MOTION
*League of Conservation Voters et al. v. Trump et al.,*
No. 3:17-cv-00101-SLG                7

Case 3:17-cv-00101-SLG     Document 116     Filed 04/18/25     Page 8 of 15

review of Administrative Procedure Act claims, has no relevance here, because, as this Court recognizes, "the Administrative Procedure Act does not apply to this case," Doc. 45 at 8. Defendants' other example, *Murphy Co. v. Biden*, 65 F.4th 1122, 1129-30 (9th Cir. 2023), *cert. denied,* 144 S. Ct. 1111, 218 L. Ed. 2d 348 (2024), held that sovereign immunity does not bar claims that a president acted *ultra vires* and in violation of separation of powers when designating a national monument under the Antiquities Act. This is at least relevant (by analogy), but this Court's holding on the issue is fully consistent. *Compare* Doc. 45 at 8-10 (applying *Dalton v. Specter* and *Larson v. Domestic & Foreign Commerce Corporation* to conclude exceptions to sovereign immunity doctrine apply) *with Murphy*, 65 F.4th at 1128-31 (same).

Defendants' argument under *Munsingwear*, Doc. 111 at 8-9, is also misplaced. A key rationale behind vacatur of a lower court's opinion when a case becomes moot on appeal is to clear the field of a decision the appellant was unable to appeal through no fault of their own. But here, Defendants and Intervenors would be free to appeal a reinstated order. *See* Doc. 99 at 9-10.

API, for its part, relies on a District of Hawaii opinion to argue Plaintiffs fail Rule 60(b)(6)'s extraordinary circumstances test. Doc. 110 at 17-18. The argument is unpersuasive. *Hawaii County Green Party v. Clinton* concerned the

PLAINTIFFS' REPLY IN SUPPORT OF RULE 60(B)(6) MOTION
*League of Conservation Voters et al. v. Trump et al.,*
No. 3:17-cv-00101-SLG          8

Case 3:17-cv-00101-SLG     Document 116     Filed 04/18/25     Page 9 of 15

possible issuance of a new permit that might be similar to a permit at issue in an earlier challenge that had been dismissed prior to any adjudication of the merits. 124 F. Supp. 2d 1173, 1180-81, 1183-88 (D. Hawaii 2000). This is a far cry from the circumstances at issue here, where President Trump has reinstated the exact same 2017 Revocation that this Court has adjudicated as unlawful after years of litigation. Further, unlike the core agency permits at issue in *Hawaii County Green Party*, President Trump's action is unprecedented—until the 2017 Revocation, no president had ever purported to revoke a permanent withdrawal under section 12(a) of the Outer Continental Shelf Lands Act, Doc. 99 at 7, and his reinstatement of the exact same 2017 order in 2025 is just as extraordinary.

## III. Intervenors' other arguments lack merit.

Intervenors argue that the Court lacks jurisdiction to grant Plaintiffs' motion under the appellate mandate rule. Doc. 110 at 20-23; Doc. 112 at 5. But no party disputes that the mandate rule applies only to "whatever was before [the appellate] court, and disposed of by its decree." Doc. 110 at 22 (quoting *In re Sanford Fork, & Tool Co.*, 160 U.S. 247, 255 (1895)). Intervenors point to nothing in the Ninth Circuit's order that shows that later revival of the 2017 Revocation was "within the mandate issued" by that Court. *See* Doc. 110 at 21 (quoting *Caldwell v. Puget Sound Elec. Apprenticeship & Training Trust*, 824 F.2d 785, 767 (9th Cir. 1987)).

PLAINTIFFS' REPLY IN SUPPORT OF RULE 60(B)(6) MOTION
*League of Conservation Voters et al. v. Trump et al.,*
No. 3:17-cv-00101-SLG                   9

Case 3:17-cv-00101-SLG     Document 116     Filed 04/18/25     Page 10 of 15

Nor could they, as the mootness order did not opine on any possible future action by the government; it merely rested on the fact that "the terms of the challenged Executive Order are no longer in effect." Appeals Doc. 110 at 4. And there was no reason for the Ninth Circuit to anticipate what eventually happened. At the time, Defendants argued that "[t]here is no 'reasonable expectation' that the President will reinstate Section 5 of the 2017 Executive Order[.]" Appeals Doc. 88 at 12. Similarly, Plaintiffs stated that "there is every indication that the President has unambiguously renounced the Trump Order and intends these withdrawals to remain intact for the long term." Appeals Doc. 92 at 13-14 (citation omitted). The reinstatement of the 2017 Revocation was thus not within the Ninth Circuit's mandate, and this Court has jurisdiction to grant Plaintiffs' motion. In sum, neither the parties nor the Court anticipated the extraordinary future in which the previous President would return to revive the exact same executive action—one which this Court had already declared unlawful. Indeed, this is precisely what makes this situation extraordinary and meriting relief under Rule 60(b). Doc. 99 at 7-8.

The State argues that Plaintiffs' motion was not brought within a "reasonable time" under Rule 60. Doc 112 at 2-5. But, as the State acknowledges, "valid grounds for reconsideration may arise long after a final judgment has been entered." Doc. 112 at 3 (citing *Bynoe v. Baca*, 966 F.3d 972, 980 (9th Cir. 2020)).

PLAINTIFFS' REPLY IN SUPPORT OF RULE 60(B)(6) MOTION
*League of Conservation Voters et al. v. Trump et al.,*
No. 3:17-cv-00101-SLG           10

Case 3:17-cv-00101-SLG    Document 116    Filed 04/18/25    Page 11 of 15

Indeed, many Courts have granted relief after significant delay. *See, e.g.*, *In re Exxon Valdez*, No. A89-0095-CV-HRH, 2005 WL 2340703, at *2, 4 (D. Alaska Sept. 22, 2005) (granting 60(b)(6) relief to a fisherman who did not learn of the challenged judgment until nearly seven years after it was entered); *United States v. Holtzman,* 762 F.2d 720, 723, 725 (9th Cir.1985) (five-year delay permissible where litigant reasonably misinterpreted an injunction); *see also Bynoe*, 966 F.3d at 980 ("When a Rule 60(b)(6) motion is premised on a change in law, courts measure timeliness 'as of the point in time when the moving party has grounds to make [a Rule 60(b)] motion, regardless of the time that has elapsed since the entry of judgment.'") (citation omitted). Four years is a reasonable time, particularly given that Plaintiffs have acted within weeks of the action that is the basis of this motion.

The State attempts to distinguish *Bynoe* by stating that "this is a civil proceeding, the case was dismissed without prejudice, and there has been no change in law or even mootness." Doc. 112 at 3. But to the contrary, *Bynoe* also concerned a civil proceeding that was dismissed without prejudice. *See Bynoe v. Helling*, No. 3:07-cv-00009-LRH-VPC, 2017 WL 4079263, at *1 (D. Nev. Sept. 6, 2017)*, rev'd and remanded sub nom. Bynoe,* 966 F.3d 972 ("[T]his court dismissed . . . [the] habeas petition without prejudice."). Additionally, as discussed above,

PLAINTIFFS' REPLY IN SUPPORT OF RULE 60(B)(6) MOTION
*League of Conservation Voters et al. v. Trump et al.,*
No. 3:17-cv-00101-SLG            11

Case 3:17-cv-00101-SLG   Document 116   Filed 04/18/25   Page 12 of 15

there has been a change in mootness. In any event, the State does not explain how, even if true, these would be relevant distinguishing factors.

***

For the reasons above and in their opening brief, Plaintiffs respectfully request that the Court set aside its dismissal of this case and reinstate its order and judgment, Docs. 80 & 81.

Respectfully submitted this 18th day of April, 2025.

*s/ Erik Grafe*
Erik Grafe (Alaska Bar No. 0804010)
Eric P. Jorgensen (Alaska Bar No. 8904010)
Hannah Payne Foster (Alaska Bar No. 2105045)
EARTHJUSTICE

*Attorneys for Plaintiffs League of Conservation Voters, Sierra Club, Alaska Wilderness League, Defenders of Wildlife, Northern Alaska Environmental Center, Center for Biological Diversity, and Greenpeace, Inc.*

Jaclyn H. Prange (CA Bar No. 270929, *pro hac vice*)
Irene V. Gutierrez (CA Bar No. 252927, *pro hac vice*)
NATURAL RESOURCES DEFENSE COUNCIL

*Attorneys for Plaintiffs League of Conservation Voters, Natural Resources Defense Council, Sierra Club, Alaska Wilderness League, Defenders of Wildlife, Northern Alaska Environmental Center, Center for Biological Diversity, and Greenpeace, Inc.*

PLAINTIFFS' REPLY IN SUPPORT OF RULE 60(B)(6) MOTION
*League of Conservation Voters et al. v. Trump et al.,*
No. 3:17-cv-00101-SLG            12

Case 3:17-cv-00101-SLG   Document 116   Filed 04/18/25   Page 13 of 15

# CERTIFICATE OF COMPLIANCE WITH WORD LIMITS

I certify that this document contains 2,738 words, excluding items exempted by Local Civil Rule 7.4(a)(4), and complies with the word limits of Local Civil Rule 7.4(a)(2).

Respectfully submitted this 18th day of April, 2025.

*s/ Erik Grafe*
Erik Grafe
EARTHJUSTICE

PLAINTIFFS' REPLY IN SUPPORT OF RULE 60(B)(6) MOTION
*League of Conservation Voters et al. v. Trump et al.,*
No. 3:17-cv-00101-SLG            13

Case 3:17-cv-00101-SLG    Document 116    Filed 04/18/25    Page 14 of 15

# CERTIFICATE OF SERVICE

I hereby certify that on April 18, 2025, a copy of the foregoing PLAINTIFFS' REPLY IN SUPPORT OF RULE 60(b)(6) MOTION was served electronically on all counsel of record using the CM/ECF system.

*s/ Erik Grafe*
Erik Grafe
EARTHJUSTICE

PLAINTIFFS' REPLY IN SUPPORT OF RULE 60(B)(6) MOTION
*League of Conservation Voters et al. v. Trump et al.,*
No. 3:17-cv-00101-SLG              14

Case 3:17-cv-00101-SLG    Document 116    Filed 04/18/25    Page 15 of 15