# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| LEAGUE OF CONSERVATION VOTERS, *et al.*,<br><br>        Plaintiffs,<br><br>        v.<br><br>DONALD J. TRUMP, *et al.*,<br><br>        Defendants,<br><br>        and<br><br>AMERICAN PETROLEUM INSTITUTE and STATE OF ALASKA,<br><br>        Intervenor-Defendants. | Case No. 3:17-cv-00101-SLG |

## ORDER ON PLAINTIFFS' RULE 60(b)(6) MOTION

Before the Court at Docket 99 is Plaintiffs' Rule 60(b)(6) Motion.[1] Intervenor-Defendant American Petroleum Institute ("API") filed a response in opposition at Docket 110, Federal Defendants filed a response in opposition at Docket 111,[2] and Intervenor-Defendant State of Alaska ("the State") filed a response in

---

[1] Plaintiffs are Alaska Wilderness League, Center for Biological Diversity, Defenders of Wildlife, Greenpeace, Inc., League of Conservation Voters, Natural Resources Defense Council, Northern Alaska Environmental Center, Resisting Environmental Destruction on Indigenous Lands, Sierra Club, and The Wilderness Society.

[2] Federal Defendants are President Donald J. Trump, Secretary of the Interior Doug Burgum, and Secretary of Commerce Howard Lutnick, who are substituted for their predecessors pursuant to Federal Rule of Civil Procedure 25(d).

opposition at Docket 112. Plaintiffs replied at Docket 116. Oral argument was not requested and was not necessary to the Court's determination.

## BACKGROUND

This case concerns an executive order issued by President Trump during his first term. On April 28, 2017, President Trump signed Executive Order 13795, titled "Implementing an America-First Offshore Energy Strategy" ("2017 Order").[3] Section 5 of the 2017 Order purported to revoke President Obama's permanent withdrawals of certain areas on the outer continental shelf ("OCS") from future oil and gas leasing.[4] Plaintiffs filed this action challenging the revocation of President Obama's withdrawals on May 3, 2017.[5] On summary judgment, the Court concluded that President Trump lacked authority under Section 12(a) of the Outer Continental Shelf Lands Act, 43 U.S.C. § 1340(a), to reverse President Obama's withdrawals of OCS lands for leasing and vacated the relevant portion of the 2017 Order.[6]

---

[3] 82 Fed. Reg. 20815 (May 3, 2017).

[4] *Id.* at 20816.

[5] Docket 1.

[6] Docket 80 at 30–31.

Case No. 3:17-cv-00101-SLG, *League of Conservation Voters v. Trump*
Order on Plaintiffs' Rule 60(b)(6) Motion
Page 2 of 11

Case 3:17-cv-00101-SLG   Document 117   Filed 08/18/25   Page 2 of 11

Defendants and Intervenors appealed this Court's order to the United States Court of Appeals for the Ninth Circuit.[7] While the appeals were pending, President Biden took office and issued Executive Order 13990, Section 7 of which rescinded the 2017 Order, thereby undoing the revocation at issue in this case.[8] The Ninth Circuit concluded that President Biden's executive order rendered this action moot.[9] It explained that "[b]ecause the terms of the challenged Executive Order are no longer in effect, the relevant areas of the OCS in the Chukchi Sea, Beaufort Sea, and Atlantic Ocean will be withdrawn from exploration and development activities regardless of the outcome of these appeals."[10] The Ninth Circuit vacated this Court's judgment and instructed the Court to dismiss the case without prejudice,[11] which this Court did on April 16, 2021.[12]

---

[7] Docket 82; Docket 83; Docket 84.

[8] Exec. Order No. 13990, Protecting Public Health and the Environment and Restoring Science to Tackle the Climate Crisis, 86 Fed. Reg. 7037, 7041 (Jan. 25, 2021).

[9] In briefing to the Ninth Circuit, the parties agreed that the 2021 Biden executive order mooted the controversy in this suit by revoking the 2017 Order. *See* Fed. Defs.' Suppl. Br. at 3–9, *League of Conservation Voters v. Biden*, Case No. 19-35460 (9th Cir. Mar. 15, 2021); State of Alaska Suppl. Br. at 1–2, *League of Conservation Voters*, Case No. 19-35460 (9th Cir. Mar. 15, 2021); Pls.' Suppl. Br. at 1–9, *League of Conservation Voters*, Case No. 19-35460 (9th Cir. Mar. 15, 2021); API Suppl. Br. at 3–4, *League of Conservation Voters*, Case No. 19-35460 (9th Cir. Mar. 15, 2021).

[10] *League of Conservation Voters v. Biden,* 843 F. App'x 937, 938 (9th Cir. 2021).

[11] *Id.* at 939.

[12] Docket 96.

Case No. 3:17-cv-00101-SLG, *League of Conservation Voters v. Trump*
Order on Plaintiffs' Rule 60(b)(6) Motion
Page 3 of 11

Case 3:17-cv-00101-SLG     Document 117     Filed 08/18/25     Page 3 of 11

On January 20, 2025, President Trump issued Executive Order 14148 ("2025 Order"), which rescinded several actions taken during the Biden administration, including Executive Order 13990 and President Biden's additional withdrawals of areas of the OCS from oil and gas development.[13] By rescinding Executive Order 13990, the 2025 Order caused the withdrawal revocations in the 2017 Order to come back into effect. Plaintiffs now seek to vacate the dismissal of this case as moot and ask the Court to reinstate the Court's prior summary judgment order and judgment in favor of Plaintiffs.[14]

A coalition of environmental groups, including six of the ten plaintiffs in this case, have challenged the 2025 Order's revocation of President Biden's additional withdrawals via a separate suit filed in this district.[15]

---

[13] Exec. Order No. 14148, Initial Rescissions of Harmful Executive Orders and Actions, 90 Fed. Reg. 8237, 8237 (Jan. 28, 2025).

[14] Docket 99-1.

[15] Pls.' Compl. at ¶ 1, *N. Alaska Env't Ctr., et al. v. Trump, et al.*, Case No. 3:25-cv-00038-SLG (D. Alaska Feb. 19, 2025). Northern Alaska Environmental Center, Alaska Wilderness League, Sierra Club, Center for Biological Diversity, Natural Resources Defense Council, and Greenpeace, Inc., are plaintiffs in both cases. *See id.* at ¶¶ 7–8, 10, 13, 15–16. The Wilderness Society, Resisting Environmental Destruction on Indigenous Lands, League of Conservation Voters, and Defenders of Wildlife are plaintiffs in this case, but not in the new case.

Case No. 3:17-cv-00101-SLG, *League of Conservation Voters v. Trump*
Order on Plaintiffs' Rule 60(b)(6) Motion
Page 4 of 11

Case 3:17-cv-00101-SLG   Document 117   Filed 08/18/25   Page 4 of 11

## LEGAL STANDARDS

The appellate mandate rule provides that, when a case has been decided on appeal and remanded to the district court, "whatever was before [the appellate] court, and disposed of by its decree, is considered as finally settled."[16]

Under Federal Rule of Civil Procedure 60(b), a party may seek relief from a prior judgment or dismissal order for specific reasons enumerated in the rule or "any other reason that justifies relief."[17] A motion brought under the catchall provision in Rule 60(b)(6) must: (1) not be based on any of the grounds enumerated in Rule 60(b)(1)–(5); (2) be filed "within a reasonable time," and (3) demonstrate "extraordinary circumstances" justifying relief from the judgment.[18] In determining whether extraordinary circumstances exist, a court may consider "a wide range of factors," including "the risk of injustice to the parties and the risk of undermining the public's confidence in the judicial process."[19] Rule 60(b)(6) is "used sparingly as an equitable remedy to prevent manifest injustice."[20]

---

[16] *United States v. Thrasher*, 483 F.3d 977, 981 (9th Cir. 2007) (*quoting In re Sanford Fork & Tool Co.*, 160 U.S. 247, 255 (1895)).

[17] Fed. R. Civ. P. 60(b)(6).

[18] *Bynoe v. Baca*, 966 F.3d 972, 979 (9th Cir. 2020).

[19] *Buck v. Davis*, 580 U.S. 100, 123 (2017) (quoting *Liljeberg v. Health Servs. Acquisition Corp.*, 486 U.S. 847, 864 (1988)) (internal quotation marks omitted).

[20] *Hall v. Haws*, 861 F.3d 977, 987 (9th Cir. 2017) (quoting *United States v. Alpine Land & Reservoir Co.*, 984 F.2d 1047, 1049 (9th Cir. 1993)).

Case No. 3:17-cv-00101-SLG, *League of Conservation Voters v. Trump*
Order on Plaintiffs' Rule 60(b)(6) Motion
Page 5 of 11

Case 3:17-cv-00101-SLG   Document 117   Filed 08/18/25   Page 5 of 11

## DISCUSSION

In their Rule 60(b)(6) motion, Plaintiffs ask the Court to set aside its dismissal of this case and reinstate its summary judgment order holding that President Trump acted unlawfully when he purported to revoke presidential withdrawals of portions of the Arctic and Atlantic outer continental shelf from future oil leasing.[21] Plaintiffs contend that they meet the three requirements for Rule 60(b)(6) relief, namely, their request does not fall into any other Rule 60(b) category; it is timely, coming within a few weeks of 2025 Order; and there are extraordinary circumstances justifying relief from the judgment dismissing this case as moot.[22] In Plaintiffs' view, the 2025 Order constitutes an extraordinary circumstance because it brings the 2017 Order and the revocation of withdrawals it contains "back into existence," which Plaintiffs contend was not foreseeable at the time of the dismissal order and renders this case no longer moot.[23] In addition, Plaintiffs maintain that reinstating the Court's 2019 order would serve justice and conserve judicial resources, because "[t]he question at hand today of whether [S]ection 5 of [Executive Order 13795] is lawful is the same as it was in 2017."[24]

---

[21] Docket 99 at 5–6.

[22] Docket 99 at 6.

[23] Docket 99 at 8.

[24] Docket 99 at 8.

Case No. 3:17-cv-00101-SLG, *League of Conservation Voters v. Trump*
Order on Plaintiffs' Rule 60(b)(6) Motion
Page 6 of 11

In response, Federal Defendants contend that "[t]his case is still moot because the operative action effectuating the revocation of the withdrawal is the 2025 Order, not the 2017 Order."[25] Federal Defendants also maintain that there is no "risk of injustice to the parties" from denying Plaintiffs' request because Plaintiffs can seek leave to amend their complaint in this case or file a new lawsuit.[26] Indeed, Federal Defendants point out, a majority of Plaintiffs in this case have joined a new, separate lawsuit challenging portions of the 2025 Order.[27] Federal Defendants state that they "would readily consent to join any challenge to the 2025 Order in this case with the new suit to allow all similar issues to be briefed together."[28] And Federal Defendants contend that reinstating the Court's prior summary judgment order in this case would prejudice Federal Defendants and would not promote judicial economy because "there have been major developments in administrative law since the Court's 2019 order."[29]

---

[25] Docket 111 at 5.

[26] Docket 111 at 6–7.

[27] Docket 111 at 7 (citing Pls.' Compl. at ¶ 1, *N. Alaska Env't Ctr., et al.*, Case No. 3:25-cv-00038-SLG). The Court disagrees with Federal Defendants' assertion that Plaintiffs could simply file an amended complaint in this case, as this case was closed in April 2021 when this Court issued its Order of Dismissal pursuant to the Ninth Circuit's mandate. *See* Docket 96.

[28] Docket 111 at 7.

[29] Docket 111 at 7–8 (first citing *Loper Bright Enters. v. Raimondo*, 603 U.S. 369, 412 (2024); and then citing *Murphy Co. v. Biden*, 65 F.4th 1122, 1128 (9th Cir. 2023)).

Case No. 3:17-cv-00101-SLG, *League of Conservation Voters v. Trump*
Order on Plaintiffs' Rule 60(b)(6) Motion
Page 7 of 11

Case 3:17-cv-00101-SLG   Document 117   Filed 08/18/25   Page 7 of 11

Intervenor-Defendants API and the State join Federal Defendants' arguments.[30] In addition, both Intervenor-Defendants contend that this Court lacks the authority to reinstate its summary judgment order because doing so would be inconsistent with the Ninth Circuit's mandate.[31] The State further maintains that Plaintiffs' motion should be denied because it was not filed within a "reasonable time" after the dismissal of the case.[32]

The Court agrees with Intervenor-Defendants that the Ninth Circuit's mandate in this case does not permit this Court to entertain the relief sought in Plaintiffs' Rule 60(b)(6) Motion. Pursuant to the mandate rule, the district "court cannot vary the [appellate court's decree], or examine it for any other purpose than execution; or give any other or further relief; or review it, even for apparent error, upon any matter decided on appeal; or intermeddle with it, further than to settle so much as has been remanded."[33] In other words, a trial court is prohibited from giving relief that is inconsistent with the mandate or "beyond the scope" of the

---

[30] Docket 110 at 12–20; Docket 112 at 2.

[31] Docket 110 at 20–23; Docket 112 at 5.

[32] Docket 112 at 2–5.

[33] *Thrasher*, 483 F.3d at 981 (quoting *In re Sanford Fork*, 160 U.S. at 255).

Case No. 3:17-cv-00101-SLG, *League of Conservation Voters v. Trump*
Order on Plaintiffs' Rule 60(b)(6) Motion
Page 8 of 11

remand.[34] The district court may, however, "consider and decide any matters left open by the mandate."[35]

Although the mandate rule does not preclude a district court from exercising jurisdiction over a Rule 60(b) motion for post-judgment relief,[36] any such relief must be "consistent with the mandate."[37] A Rule 60(b) motion "cannot be used simply to reopen the decision previously decided on appeal; rather, the moving party must show that the motion relates to later events that were not part of the record or issues previously considered."[38]

In this case, the Ninth Circuit, not this Court, determined that the controversy over President Trump's 2017 Order had become moot and vacated the Court's summary judgment order.[39] Because the issue of mootness and vacatur of the Court's order dismissing this case were conclusively decided by the Ninth Circuit,

---

[34] *Caldwell v. Puget Sound Elec. Apprenticeship & Training Tr.*, 824 F.2d 765, 767 (9th Cir. 1987).

[35] *In re Sanford Fork*, 160 U.S. at 256.

[36] *Standard Oil Co. of Cal. v. United States*, 429 U.S. 17, 18 (1976).

[37] *Caldwell*, 824 F.2d at 767.

[38] *Adasa Inc. v. Avery Dennison Corp.*, 715 F. Supp. 3d 1326, 1337 (D. Or. 2024) (citing *Standard Oil Co. of Cal.*, 429 U.S. at 18); *see also Rubicon Glob. Ventures, Inc. v. Chonqing Zongshen Grp. Import/Export Corp.*, 757 F. App'x 531, 532 (9th Cir. 2018) (quoting *United States v. Kellington*, 217 F.3d 1084, 1093 (9th Cir. 2000)) ("[T]he ultimate task is to distinguish matters that have been decided on appeal . . . from matters that have not.").

[39] *League of Conservation Voters*, 843 F. App'x at 939.

Case No. 3:17-cv-00101-SLG, *League of Conservation Voters v. Trump*
Order on Plaintiffs' Rule 60(b)(6) Motion
Page 9 of 11

Case 3:17-cv-00101-SLG   Document 117   Filed 08/18/25   Page 9 of 11

this Court may not alter those determinations. The Ninth Circuit's sole instruction to the Court on remand was to dismiss this case without prejudice.[40] The relief now sought by Plaintiffs—namely, reversal of the Ninth Circuit's mootness determination, vacatur of this Court's order dismissing this case, and reinstatement of the prior summary judgment decision—would be inconsistent with the Ninth Circuit's disposition of the case and is therefore foreclosed by the mandate rule.

Plaintiffs maintain that the Ninth Circuit "did not opine on any possible future action by the government" and thus the effect of the 2025 Order on this case is an issue left open by the mandate.[41] But Federal Defendants' supplemental briefing to the Ninth Circuit in 2021 addressed the effect of "possible future action" on the mootness inquiry: there, Federal Defendants asserted that the "capable of repetition, yet evading review" exception to mootness did not apply, because "any possible future action" revoking offshore leasing withdrawals, such as is now the case, was "unlikely to be so inherently limited in duration that it would evade review."[42] In holding that this case was moot, the Ninth Circuit held by necessary implication that an exception to mootness premised on a recurrence of the

---

[40] *Id.*

[41] Docket 116 at 11.

[42] *See* Fed. Defs.' Suppl. Br. at 8, *League of Conservation Voters*, Case No. 19-35460.

Case No. 3:17-cv-00101-SLG, *League of Conservation Voters v. Trump*
Order on Plaintiffs' Rule 60(b)(6) Motion
Page 10 of 11

allegedly unlawful conduct did not apply.[43] That the possible future action contemplated in Federal Defendants' briefing presented to the Ninth Circuit has now occurred in the form of the 2025 Order does not permit this Court to revisit the Ninth Circuit's determination that this case challenging Section 5 of the 2017 Order is moot. Plaintiffs may seek relief from the section of the 2025 Order that caused the withdrawal revocations in the 2017 Order to come back into effect by filing a new complaint or by seeking to add this issue to the case challenging portions of the 2025 Order that is already pending in this Court.

## CONCLUSION

In light of the foregoing, Plaintiffs' Rule 60(b)(6) Motion at Docket 99 is DENIED.

DATED this 18th day of August 2025, at Anchorage, Alaska.

*/s/ Sharon L. Gleason*
UNITED STATES DISTRICT JUDGE

---

[43] *See League of Conservation Voters*, 843 F. App'x at 939.

Case No. 3:17-cv-00101-SLG, *League of Conservation Voters v. Trump*
Order on Plaintiffs' Rule 60(b)(6) Motion
Page 11 of 11

Case 3:17-cv-00101-SLG   Document 117   Filed 08/18/25   Page 11 of 11